## Case No. 730.

### In re BAILEY.

[1 Woolw. 422.] [1]

Circuit Court, D. Kansas. Oct. Term, 1869.

ARREST IN ONE DISTRICT AND REMOVAL TO ANOTHER FOR TRIAL—WHETHER POWER TO GRANT ORDER IS IN THE CIRCUIT JUDGE.

1. A person arrested in one district, for an offense committed in another, who has not been indicted, nor committed by a commissioner, is entitled to an examination in the district in which he is arrested.

[Cited in U. S. v. Jacobi, Case No. 15,460; U. S. v. Brawner, 7 Fed. 88; In re Ellerbe, 13 Feb. 532; In re Graves, 29 Fed. 66; In re Burkhardt, 33 Fed. 26.]

[See In re Clark, Case No. 2,797; U. S. v. Shepard, Id. 16,273.]

2. The power to order the removal of a person so accused from the district in which he is found to the one in which he should be tried, seems to rest in the district judge, and not in the circuit judge. So Mr. Justice Miller intimates; Mr. District Judge Love contra.

[See U. S. v. Burr, Case No. 14,693.]

Letters upon the subject of the arrest in one district of a person accused of crime committed in another district.

A warrant issued by a commissioner in the northern district of Illinois for the arrest of Chauncey Bailey, for an offence committed in that district, was, with affidavits supporting the charge, submitted [by Vallette and

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

Bearce] to Mr. Justice Miller, with the request for an order to the marshal of the district of Iowa to make the arrest, in order that the accused might be removed to ·the district in Illinois for trial. [Denied.]

The request was accompanied by the statement that it was recommended by Mr. District Judge Drummond, as if he approved it and considered it proper to be granted. The same question having presented itself on a previous occasion to Mr. District Judge Love, upon a like application for the arrest of one Cook and one Tracy, similarly proceeded against, Mr. Justice Miller applied to him for his views. It may be proper here to state, that in what Judge Drummond had said in respect of the matter, he had not intended to be understood as approving the proceeding. He had not examined or considered the question, and the result reached by the learned judges, whose opinions are given herein, is believed to have met his approval.

In answer to Judge Miller's request, Judge Love gave his opinion in the following letter:

"Keokuk, August 30, 1869.

"Dear Judge,—I never before had a case presented to me exactly like the one referred to in the papers herewith returned. In each of the numerous instances in which application has been made to me for the removal of offenders, excepting that of Tracy and Cook, indictments had been found in the district where the offence was alleged to have been committed. When this application was made, the young gentleman who brought it said that Judge Drummond had told him the same as he seems to have told Messrs Vallette and Bearce; and further, that the universal practice was to have the preliminary examination in the district where the offence was committed. I, however, without giving any opinion upon the general question, held, as I had always done in cases of indictment, that the prisoner should be brought before me, in order that the fact of identity might be inquired into. In this, I proceeded upon the idea that the finding in the other district, whether by indictment or otherwise, established nothing with regard to the identity of the prisoner.

"The marshal, in making the arrest, might mistake the man, and remove to a remote state an individual not charged with any offense whatever.

"There were no affidavits accompanying Judge Drummond's order in this case, and when the prisoners were brought up, the young man filed affidavits charging that the alleged offence was committed at the town of Brunswick in Scott county, Iowa. Upon this showing I discharged them, upon the ground that it would be futile to take the prisoners to a state where the court had no jurisdiction to punish the offence.

"Upon looking closely at the law, I see nothing whatever to warrant Judge Drummond's view. I hardly suppose we could look behind an indictment; but I see no reason whatever, either in the words of the law or the reason of the thing, why, in a case where there has been no finding by a grand jury, or even by a commissioner, the prisoner should not be entitled to an examination before his removal to a distant state.

"I find upon this subject, in Brightly's Digest, the following:

" 'Offenders committed to prison in a district other than that in which the offense is to be tried, may be removed to the latter for trial by a warrant of the judge of the district where they are imprisoned.

" 'The due course of law is that any individual, on an accusation against him, may be committed, if the offence be proved. The circuit judge may inquire whether the crime has been committed in the United States or not; and if committed within the United States, he is to commit him; and then the district judge is to remove him to the district where the crime was committed.' [U. S. v. Burr, Case No. 14,693.]

"A distinction seems here to be taken between the power to commit and the power to remove for trial. The language of the law is, 'It shall be the duty of the judge of the district to issue the warrant for the removal of the prisoner,' &c. May not the circuit judge be regarded as a judge of the district, quaere? As to many purposes, he certainly is, although that is not his title. In most respects, he is indeed the paramount judge of the district.

"Yours very truly,      J. M. LOVE."

"Keokuk, August 31, 1869.
"Messrs. Vallette and Bearce.

"Gentlemen,—Your favor of the 17th inst., inclosing an affidavit charging Chauncey Bailey with violation of the internal revenue law, at Napeerville, Illinois, together with Commissioner Haynes' warrant of arrest, directed to the marshal of the northern district of Illinois, is received, with your request that I would issue an order to the marshal of the district of Iowa, directing him to arrest said Bailey, and deliver him to the marshal of the northern district of Illinois.

"I owe you an apology for the delay in responding to your letter. No statute was pointed out by you as authority for such proceedings, and the examination which I made hastily of the subject, resulted in a strong impression that there was none. With this, I should have been satisfied to return you the papers, but for the statement that Judge Drummond had suggested the application which you made to me.

"My respect for Judge Drummond's opinion on a question like this, which it seems probable he has fully investigated in the course of his judicial experience, made me hesitate very much before settling down to an opposite conclusion. I therefore sent the papers to Judge Love, of this district, at Ottumwa, requesting his views upon the

question. Owing to his absence from home, I did not receive his reply until yesterday. He expresses himself as entirely satisfied that a person arrested in one district for an offence committed in another, who has neither been indicted, nor had any preliminary examination, is entitled to have that examination in the district where he is arrested, and in this proposition I fully concur.

"The 33d section of the judiciary act 1 Stat. 91, enacts, 'That for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace, or other magistrate of any of the United States, where he may be found, agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offence. * * *

" 'And if such commitment of the offender or the witnesses shall be in a district other than that in which the offence is to be tried, it shall be the duty of the judge of that district where the delinquent is imprisoned, seasonably to issue, and of the marshal of the same district to execute, a warrant for the removal of the offender, and the witnesses, or either of them, as the case may be, to the district in which the trial is to be had.'

"The act of August 23, 1842, (5 Stat. 516,) which confers upon the commissioners of the United States, of whom Mr. Haynes is one, the same authority that the act of 1789 conferred on the state magistrates, did not enlarge those powers, or provide for any different mode of exercising them. Nor do I know any act of congress which has repealed or essentially modified the mode of proceedings pointed out by that act. The section, which I have quoted verbatim so far as it concerns the question before me, does not, in express terms, say that a person charged with an offence against the laws of the United States must have an examination in the district where he is arrested, though the offence be committed in another state. It does not, in so many words, say that he shall undergo any examination at all. The language is, that he may be arrested, and imprisoned, or bailed. But this is to be done according to the usual mode of process against such offenders in the state where he is arrested. It would be a waste of time to attempt to show that an imprisonment or order for bail is never made in any state without a previous examination into the probable guilt of the prisoner, unless he voluntarily waives such examination. Nor would any well-informed lawyer hesitate to hold that the act of congress in question was not intended to authorize imprisonment without such preliminary examination by the committing magistrate as should satisfy him that there was enough evidence of the prisoner's guilt to justify a reference of the case to the grand jury of the proper district.

"Where, then, is the preliminary examination to be had?

"The most careless reading of the provisions of the act can leave no doubt on that subject.

"For any crime against the United States, the offender may be imprisoned, or held to bail, after, as I have shown, an examination by the proper officer of the state or district where he may be found.

"If this language left any doubt on the subject, it would be removed by a subsequent provision in the same section, that, if the commitment takes place in a district other than that in which the offence is to be tried, the judge of the district where the delinquent is imprisoned shall make the necessary order for his removal to the proper district for trial. This so clearly contemplates an examination and imprisonment in the district where the offender is found, without regard to that in which the offence was committed, that comment could not make it plainer.

"The power to order removal in these cases seems to rest alone on the judge of the district court. Such is the language of this act; and, in the absence of any statute authority, I should doubt very much the right of a judge of any other court to make such an order; though, possibly, the words 'judge of the district' may, by a liberal construction, be held to include any judge who exercises jurisdiction within the district. See, however, [U. S. v. Burr, Case No. 14,693.]

"I am therefore of opinion that no authority exists in any judge to order the removal of Mr. Bailey into the district of Illinois, until he shall have had a hearing, or been committed to prison in Iowa by some proper officer.

"I therefore return you the papers, and am, your obedient servant,

"SAMUEL F. MILLER."