## Case No. 16,627.

### UNITED STATES v. VOLZ.

[14 Blatchf. 15.] [1]

Circuit Court, S. D. New York. Nov. 8, 1876.

PERJURY—OATH BEFORE UNITED STATES COMMISSIONER—QUALIFICATION AS BAIL—AUTHORITY OF COMMISSIONER TO TAKE BAIL—FUGITIVE AWAITING WARRANT OF REMOVAL.

1. On a complaint before O., a United States commissioner in New York, against S., for having committed an offence against the United States, cognizable by the courts of the District of Columbia, S. was committed by O. to await the issuing by the district judge of a warrant for his removal for trial to such district. Before such warrant was issued, V. went before O., to justify as bail for S., and made oath before him to a deposition concerning his property, which was signed by him and entitled in the proceeding against S. Afterwards S. was released by the district judge on bail, on a bail bond signed by V. It did not appear that the deposition of V. was exhibited to the district judge, or that any further steps were taken before O. after the deposition was made. V., having been indicted for, and convicted of, perjury, in making, in such deposition, statements of material matter, which he did not believe to be true, moved for a new trial, on the ground that the deposition was not made in a case "in which a law of the United States authorizes an oath to be administered," within section 5392

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

of the Revised Statutes. *Held*, that the motion must be denied.

[Cited in U. S. v. Brawner, 7 Fed. 88; U. S. v. Rogers, 23 Fed. 661.]

2. Up to the time of the issuing of a removal warrant, a commissioner under whose commitment a prisoner is held, has jurisdiction to entertain an application for his release on bail, and to administer an oath to a person who tenders himself for justification as good bail for such prisoner.

[This was an indictment against John Volz for perjury. Heard on a motion for a new trial.]

Benjamin B. Foster, Asst. U. S. Dist. Atty.

Thomas Stewart, for defendant.

BENEDICT, District Judge. The prisoner was charged with having committed perjury in a certain written deposition made by him before John A. Osborn, a United States commissioner. Having been convicted, he now moves for a new trial, upon the ground that the facts do not make out the crime of perjury, as defined by section 5392, Rev. St. U. S. The facts are as follows: A complaint was made before John A. Osborn, a United States commissioner, against one Thomas P. Somerville, charging him with the crime of conspiracy. Upon such complaint the commissioner issued his warrant to apprehend Somerville, who, by virtue thereof, was thereafter apprehended and brought before the commissioner, and, an examination being waived, and it appearing that the offence charged was cognizable by the courts of the District of Columbia, Somerville was committed by the commissioner to the custody of the marshal, to await the issuing by the district judge of a warrant for his removal to the district where the trial was to be had. Thereafter, and before any removal warrant was issued by the district judge, and while Somerville was in the custody of the marshal, by virtue of the commitment of the commissioner, the accused presented himself before the commissioner, to justify as bail for Somerville, and thereupon made oath to a deposition concerning his property, with the object of showing his sufficiency as such surety. This deposition was in writing, signed by the accused, and entitled United States v. Thomas P. Somerville. As the jury have found, it contained statements of material matter, which the deponent did not believe to be true. Thereafter, Somerville made application to Judge Blatchford to be released by him upon bail, to appear for trial in the District of Columbia, and tendered to Judge Blatchford a bail bond executed by the accused as his bail. This bond was accepted by Judge Blatchford, and Somerville thereupon was released upon such bail. It does not appear that the deposition made by the accused before Commissioner Osborn was exhibited to Judge Blatchford, or that any further steps were taken before Commissioner Osborn after the making of the deposition under consideration. Upon these facts the question arises, whether the deposition made by the prisoner

before Commissioner Osborn was made in a case "in which a law of the United States authorizes an oath to be administered," within the meaning of section 5392.

I am of the opinion that it must be held to have been so made. Plainly, the word "case," as used in the statute, is not to be confined to suits or proceedings strictly in court. There are many instances where the laws of the United States authorize an oath to be administered, when no suit or criminal proceeding has been commenced. But, in the present instance, a criminal proceeding had been instituted before a commissioner, in which a prisoner had been arrested who was entitled to give bail, and in which a surety could lawfully justify under oath, as being good bail for such prisoner. It can make no difference, as to the validity of such an oath, whether the person making it be accepted or rejected as bail, nor is the oath rendered invalid by the fact that the proceeding before the commissioner stops with the justification of the bail. The deposition in question was made in such proceeding, and was left with the commissioner. It became then a part of that proceeding, and afforded foundation for a demand by Somerville to be released by the commissioner upon tendering the bond executed by such surety, whenever it might be deemed desirable to make such tender and demand.

It has been contended, in behalf of the defendant, that, at the time this oath was administered, the commissioner had no power to release Somerville on bail, and, consequently, no power to take the justification of a surety, because the offence appeared to have been committed in another district, and Somerville stood committed to await the action of the district judge in regard to his removal to such district for trial. It is claimed that the power of the commissioner terminated with the issuing of the commitment. I do not so understand the law. The power to take bail exists in every case where a party has been arrested for any crime or offence against the United States, and it is in all cases to be taken for trial before such court of the United States as by law has cognizance of the offence. This power never ceases with the issuing of a commitment. The requirement of the statute (section 1015) is, that "bail shall be admitted upon all arrests in criminal cases, where the offence is not punishable by death;" and, in such cases, it may be taken by any of the persons authorized by section 1014 to arrest and imprison offenders. There is no provision that the right to give bail is to cease with the issuing of a removal warrant, and certainly the right must exist so long as no such warrant is issued. Until the removal warrant is issued, the prisoner is held in arrest under the commitment of the commissioner, and to that officer application may be made to be released from arrest, on giving bail for trial before such court of the United States as the commission-

er shall determine to have cognizance of the offence as proved before him. What power the commissioner may have after the district judge shall have issued his warrant directing the prisoner to be removed to another district for trial, it is unnecessary now to consider. But it seems plain, that, up to the time of the issuing of a removal warrant, the commissioner under whose commitment the prisoner is held has jurisdiction to entertain an application for his release on bail, and, by necessary consequence, jurisdiction to administer an oath to one tendering himself for justification as good bail for such prisoner. I am, therefore, of the opinion, that the offence of perjury, as defined by the statute, was committed by the accused, when, in a proceeding taken before Commissioner Osborn, to justify himself against the exceptions of the district attorney to his sufficiency as bail for Somerville, a prisoner at that time in custody under the commitment of Commissioner Osborn, and entitled to be released by such commissioner upon giving good bail, he made a deposition containing material statements touching his property, which he did not believe to be true.

The motion is denied.