## UNITED STATES v. BRAWNER.

*(District Court, W. D. Tennessee.   May 4, 1881.)* ·

1. CRIMINAL LAW—REV. ST. § 1014—REMOVAL OF PRISONER TO ANOTHER DISTRICT—POWERS OF DISTRICT JUDGE—HABEAS CORPUS.

    The judge of the district to whom application is made for a warrant of removal to another district for trial, may, under section 1014 of the Revised Statutes, review, without a writ of *habeas corpus*, the action of the committing magistrate, and reduce the bail required by him, if it shall appear to be excessive.

2. SAME SUBJECT — EXCESSIVE BAIL — CONSTITUTIONAL LAW — EIGHTH AMENDMENT, CONSTITUTION OF THE UNITED STATES.

    It is substantially a denial of bail, and a violation of the constitutional guaranty against excessive bail, to require a larger sum than, from his circumstances, the prisoner can be reasonably expected to give.   A requirement of $5,000 in this case was excessive, and the sum was reduced to $2,500.

3. SAME SUBJECT — PROCEDURE IN BAIL — APPEARANCE IN ANOTHER DISTRICT—TO WHAT TERM?—TENNESSEE CODE, §§ 5152, 5153, 5154.

    The preliminary examination of an alleged offender, arrested in another district, must be according to the usages of law in the state where the arrest is made; and where the Tennessee Code requires that bail not taken in open court shall be to the next term of the court having cognizance, the district judge allowed the prisoner to appear at the next term of the United States district court for the eastern district of Missouri, and declined to compel an immediate appearance to the current term.   But *quære* whether, under special circumstances, this might not be done, notwithstanding the requirement that the proceedings should be in accordance with the state statute.

Application for a warrant of removal of the defendant to the eastern district of Missouri, for trial upon a charge of counterfeiting.   The record presented to the district judge consists of the affidavit upon which the arrest was made, the warrant of the commissioner for the arrest, and his commitment to the custody of the marshal to await the action of the district judge in the premises.   It appears by this record that the commissioner fixed the bail at $5,000, and in default of it the prisoner was committed as stated.   The arrest was made on the first, and the commitment on the second, of the present month, in Weakley county, the prisoner waiving any examination before the commissioner, whereupon he was

brought to Memphis, before the district judge, where he stated that he could give bond for a smaller sum than $5,000, but could not for that amount. On his oath he stated that he himself had no property except two small town lots, worth about $75, but that his father, upon whom he relied for bail, owned about 240 acres of land and necessary farming stock, the land being assessed for taxes at about $8 or $10 per acre.

*John B. Clough,* Ass't Dist. Att'y, for the United States.

*T. B. Turley,* for defendant.

HAMMOND, D. J. It is apparent that the bail required by the commissioner is excessive, and the eighth amendment of the constitution is a guaranty against excessive bail. It is objected that the action of the commissioner cannot be reviewed by the district judge on this application, nor the bail reduced by him, except upon *habeas corpus,* when, it is conceded, the case could be reviewed and the bail reduced. Hurd. Hab. Corp. 436; *Jones* v. *Kelly,* 17 Mass. 116; *Re Kaine,* 3 Blatchf. 4; *Re Martin,* 5 Blatchf. 303; *Re Henrich,* 1d. 414; *Re Stupp,* 12 Blatchf. 501; *Re McDonell,* 11 Blatchf. 174; *Re Van Campen,* 2 Ben. 421; *U. S.* v. *Bloomgart,* 7 Int. Rev. Rec. 148.

Whether, on *habeas corpus,* the court or judge has plenary power to review or supervise the action of the committing magistrate I do not find it necessary to determine. If he can go only to the extent of reducing the bail where it is excessive, that would be sufficient here, and the judge could advise or direct a writ of *habeas corpus,* if necessary to sustain his authority to reduce excessive bail. But I have come to the conclusion that, without any writ of *habeas corpus,* the judge of the district, acting under the authority of section 1014 of the Revised Statutes, has ample power to reduce the bail, if he thinks it excessive, and to review the action of the commissioner, or other committing magistrate, on a proceeding under that section.

The very purpose of conferring the power is to secure the judicial sanction of a supervisory judge for the action of the committing magistrate, in so important a matter as that of removing a citizen from one state or district to another for

trial upon a criminal charge. If the warrant of removal is
i be issued mechanically, and as a mere ministerial act,
there is no reason why the commiting magistrate should not
have been required to issue it at once, upon neglect or refusal
to give bail. The necessary implication, from the method of
procedure adopted by the statutes, is that the "judge of the
district," whether it be the district judge or some other, as
is intimated in *Re Bailey*, 1 Woolw. 422, it may be, must
judicially determine whether the prisoner shall be taken to
another district for trial, and that he may refuse his warrant
where it appears that the removal should not be made, or
where he would admit the party to bail. Doubtless the action
of the committing magistrate is *prima facie* sufficient as a basis
for the warrant, but it is not conclusive; and while the judge
should not unnecessarily require another or further prelimi-
nary examination, if it appear to him necessary that the
bail should be reduced, or that for any reason the prisoner
should again be heard in defence, I have no doubt that it is
his duty to pass fully upon the case, and determine for him-
self whether he should be further held or removed. These
views are abundantly supported by the authorities. Conk.
Tr. (4th Ed.) 582; Murray, U. S. Courts, 29; *Re Buell*, 3
Dill. 116, at p. 120; *U. S.* v. *Jacobi*, 14 Int. Rev. Rec. 45;
*U. S.* v. *Pope*, 24 Int. Rev. Rec. 29; *U. S.* v. *Volz*, 14 Blatchf.
15; *U. S.* v. *Haskins*, 3 Sawy. 262; *Re Alexander*, 1 Low.
530; *U. S.* v. *Shepard*, 1 Abb. 431; *Re Doig*, 4 FED. REP.
193; and cases cited in these opinions. In some of the cases
there was a writ of *habeas corpus*, and in some the original
examination was before the district judge, and in one the
question arose in the district to which the removal was made,
on a motion to quash the indictment; but in none of them
does it seem to have been treated as a matter of much im-
portance by what form of procedure the action of the judge
is invoked, and in none is it denied that he may determine
for himself whether the removal is proper. In *Buell's Case*,
*supra*, there was both a *habeas corpus* and an application for
a warrant of removal, which latter was refused. In the case
of *U. S.* v. *Somerville*, related in *Volz's Case*, *supra*, it seems

that the district judge himself took the bail-bond after a commitment by the commissioner, and the question there was whether the commissioner had a continuing power after commitment to take bail, it being held that he did. But no one seems to have suggested that the judge had not the power to do what he did.

Without further examination here of the cases, it is sufficient to say that, while I do not find one holding that the judge may, on the application for the removal warrant, inquire into the facts, or reduce the bail, I have no doubt it is a proper practice. In some cases it may be necessary to issue a *habeas corpus* and *certiorari*, in order to bring before him the entire record of the evidence before the committing magistrate; or, technically, it may be that the judge could not *discharge* the prisoner without a *habeas corpus*, while he might refuse his warrant of removal, leaving him where the commitment had placed him, until application for *habeas corpus* should be made. But my judgment is that, having the prisoner before him, with the plenary power conferred by the statute to grant or refuse the warrant of removal, and the only object and purpose of the commitment being to take his judgment whether there shall be removal, the power to discharge exists without any *habeas corpus*, and is necessarily implied from the statute. In the case of *U. S.* v. *Lawrence,* 4 Cranch, 518, it is said that "to require larger bail than the prisoner could give would be to require excessive bail, and to deny bail in a case clearly bailable by law." The discretion of the magistrate, in taking bail, is to be guided by the compound consideration of the ability of the prisoner to give bail and the atrocity of the offence. It is a rule of our courts in this district to require $2,000 in cases like this, though it is very frequently increased under special circumstances. As this is a case for trial in another district, that circumstance should perhaps increase the amount somewhat, but I think $2,500, under the circumstances here, as much as should be required of this prisoner, and any larger amount would be excessive. I shall, therefore, discharge him on giving bail before me in that sum.

Telegrams from the district attorney at St. Louis say the court is now in session, with a jury in attendance to be discharged in a few days, and the question is whether the prisoner shall be bound to appear at this present term, and immediately, or at the next term of the court. The cases we have been considering indicate that the proceeding on the preliminary examination is in accordance with the usages of law in the district where the arrest is made, and this seems to be a plain requirement of the statute. Rev. St. § 1014, et seq. The Tennesse Code directs that bail, when not taken in open court, shall be given by a written undertaking, signed by the defendant and at least two sufficient sureties, requiring the defendant to appear "at the next term of the court," while, when given in open court, it is to appear "at the present term." T. & S. Code, §§ 5152, 5153, 5154. It is generally understood that the federal courts, in this matter of bail, are governed by the state statutes. *U. S.* v. *Evans*, 12 Chi. Leg. News, 271; S. C. 2 FED. REP. 147, 150, and cases there cited. I readily see how this requirement might greatly delay trials, and that it may be sometimes impracticable to adhere strictly to the statutes of the states. And, like the acts of congress adopting the practice of the states in suits at law, it may go no further than to adopt the state statutes "as near as may be." Rev. St. § 914. Whether the committing magistrate, therefore, may disregard this requirement of the state statute in a proper case, and take the bond demanding an appearance at some other time than the next term, I shall not now decide, because I see in this case no special reason for departing from the ordinary practice, and have determined to allow this defendant to give bond to the next term of the court at St. Louis, as the commissioner did. I shall not interfere with his action further than to reduce the amount of bail, as before indicated. The prisoner will be allowed a few days to communicate with his friends, who live some distance, and in the mean time will remain in the custody of the marshal, with leave to the district attorney to make a further application for a removal warrant, if bail be not furnished. So ordered.