## In re HACKER.

(District Court, S. D. California. January 6, 1896.)

### No. 818.

HABEAS CORPUS—DEFECTIVE INDICTMENT.
Where a prisoner is held to answer an indictment, he will not be discharged on habeas corpus, for insufficiency of the indictment, unless it affirmatively appears that the facts of the case cannot, under any possible statement of them, constitute a crime, and, further, that there are special circumstances, requiring earlier judicial action than can be had, by demurrer or otherwise, through the ordinary course of procedure in defending against the indictment.

Application for Writ of Habeas Corpus.

J. W. Kemp, for petitioner.
The United States Attorney, for the government.

WELLBORN, District Judge.. Petitioner shows that he is held in custody of the United States marshal of this district to answer an indictment against him in this court for unlawfully cutting timber upon public lands of the United States, contrary to section 4 of the act of June 3, 1878, relating to public lands of the United States. 1 Supp. Rev. St. 168. The indictment, a copy of which is attached to and made a part of the petition, fails to allege an intent upon the part of the defendant, the petitioner herein, to export or dispose of the timber which he is charged with having cut on the public lands, and for this reason he insists that no offense is charged against him, and therefore his imprisonment is unlawful, and relievable by habeas corpus.

Assuming that the indictment is defective in the particular stated, and this is the most favorable view for applicant, does it follow therefrom that a writ of habeas corpus should now be awarded to inquire into the cause of his detention, in advance of a hearing upon demurrer, or other determination in the regular course of criminal procedure? This question, it seems to me, cannot be otherwise answered than in the negative. I am aware that there are adjudicated cases and expressions in text-books which would seem to indicate that, where an essential ingredient of an offense sought to be charged is omitted from the indictment, the writ of habeas corpus is a proper remedy for relief against the imprisonment, even before a trial upon the merits or hearing upon demurrer. See In re Corryell, 22 Cal. 178; also, Church, Hab. Corp. § 245. This view, however, is superficial, and cannot be accepted without material qualifications. What these qualifications are will appear from careful reading of the above cited and other similar authorities. In the California case, for instance, it will be seen, by an examination of the opinion, that the indictment was defective, not merely from omission to state an essential constituent of the offense, but because the matters charged against the defendant were themselves of such a nature that it was not possible for any additional allegation to so help the indictment as that a crime would be charged; and, perhaps, this suggestion indicates one of the rules separating those cases of commitments under defective indictment, where the defendant should be discharged, from those cases where he should be remanded. The rule thus indicated is this: Where the offense sought to be charged in the indictment is not and cannot be so charged as to constitute an offense, the accused may, under certain circumstances, hereinafter noted, be discharged on habeas corpus; but where the matters are of such a character that the indictment, although defective for lack of a statement of an essential ingredient of the offense, may be perfected into a sufficient accusation of crime, there the defendant should be held to abide the judgment or order of the court on the indictment. That this rule, or something kindred thereto, was in the mind of the judge who delivered the opinion in the California case, above cited, is fairly inferable from the following paragraph in his opinion:

"The counsel for the petitioner contends that no offense punishable by law is charged in the indictment, and that, consequently, the order of commitment under which he is held is illegal and void. It is objected, on the other side, that the present is not a proper proceeding for the determination of that question, that the commitment emanated from a court of competent jurisdiction, and that its action in the premises is not subject to review on habeas corpus. Considerations of great importance are involved in this objection, and, although we are compelled to overrule it, as applied to a case of illegal imprisonment, we find it extremely difficult to lay down a rule under which abuses may not be practiced, and the business of the courts improperly interfered with. The vice of the objection is that it assumes that the court had jurisdiction, whereas, the fact of jurisdiction is the very fact which the petitioner disputes, alleging that the offense charged is not one known to the law." 22 Cal. 181.

The rule above stated is expressly approved by the supreme court of the state of Nevada. Ex parte Kitchen, 18 Pac. 886. The syllabus of the case is as follows:

"A prisoner in custody under a defective indictment should not be discharged upon habeas corpus, if enough appears from the whole record to show that he should be detained."

The opinion is brief, and as follows:

"The applicant and several other persons were indicted by the grand jury of Eureka county for the crime of conspiracy. A writ of habeas corpus has been applied for, to the end that applicant may be discharged from the custody of the sheriff. It is urged that applicant's imprisonment is illegal, because the Sixth judicial court in and for the county of Eureka had no jurisdiction over the person of the defendant or the subject-matter set forth in the indictment against him, in that the facts set forth in said indictment do not constitute a public offense, nor does the said indictment charge the said defendant with the commission of any crime. We express no opinion as to whether or not the indictment is defective in fact. We only say that, if it is so, taking the most favorable view for applicant, enough appears to prevent his discharge, should the writ issue. Church, Hab. Corp. § 246. Writ denied."

To the same effect, but with greater elaboration, is the statement in Church, Hab. Corp. § 246:

"246. Defective Indictment. Where the court renders such a judgment on the record as the law demands, and, on taking the whole record together, in investigating a proceeding' on habeas corpus, and where a defective indictment is the point in controversy, is satisfied that enough appears, although the indictment is clearly defective, and so much so that a demurrer to it would be sustained, to retain the accused in custody until another term of court, it will not discharge the prisoner. A defect in an indictment for an assault with intent to commit murder, consisting in leaving out the name of the person assaulted, and without any averment that the person's name was 'to the grand jury unknown,' is not a sufficient ground upon which to discharge an accused party on habeas corpus in vacation; and it is doubtful whether it would be insufficient in term time. The next court where the indictment is found, after the hearing, can either discharge the party or permit the defective indictment to be nol. pros'd, and order another one to be preferred, or the first indictment may be amended by consent of the accused."

The same rule, substantially, though in different language, has been enunciated by the supreme court of Mississippi, in Emanuel v. State, 36 Miss. 627. The second paragraph of the syllabus is as follows:

"A prisoner will not be entitled to a discharge if it appear, upon the return of the writ of habeas corpus, that an indictment·has been preferred against him which has been adjudged sufficient by the court in which it is pending; nor, where there has been no judgment affirming the validity of the indictment, will be discharged on account of its insufficiency, unless the evidence on which it was found be adduced, and it appear therefrom that he should not be held in custody in the matter."

In the case reported in 22 Cal., above referred to, while the evidence against the defendant was not adduced, still the statement in the indictment showed, beyond question, that, if adduced, the facts could not, in any possible aspect of the case, constitute a crime.

The syllabus of a case decided by the supreme court of Florida states the rule thus:

"Habeas corpus does not lie to correct any irregularity of procedure where there is jurisdiction. This writ is not the proper remedy for relief against defective indictments for acts which are offenses under criminal laws, although it may be a remedy where an indictment charges as a criminal offense an act which was not made so by the laws obtaining at the time the act was done. It cannot be used as a substitute for a demurrer, a motion to

quash, a writ of error, or an appeal, or certiorari." Ex parte Prince (Fla.) 9 South. 659.

The rule deducible from the foregoing authorities, in connection with the case hereinafter cited, seems to me to be this: Where a prisoner is held to answer an indictment, he will not be discharged on habeas corpus, for insufficiency of the indictment, unless it affirmatively appears that the facts of the case cannot, under any possible statement of them, constitute a crime, and, further, that there are special circumstances requiring earlier judicial action than can be had, by demurrer or otherwise, through the ordinary course of procedure in defending against the indictment. The latter branch of this rule, namely, that there must be some peculiar occasion of urgency before a court will, by habeas corpus, arrest or disturb the regular course of criminal procedure, has been substantially announced by the supreme court of the United States, in a case where the prisoner, indicted under a state law alleged by him to be repugnant to the federal constitution, petitioned the circuit court of the United States for the Eastern district of Virginia for a writ of habeas corpus, and that he have judgment discharging him from custody. The circuit court dismissed the petition, on the ground that the court was without jurisdiction to discharge the prisoner from prosecution. From this judgment an appeal was taken, and the judgment of the circuit court affirmed. The supreme court held, in substance, that, while the circuit court had power to issue the writ of habeas corpus, and to discharge the accused, in advance of his trial, if he was restrained of his liberty in violation of the national constitution, it was a power committed to the court's discretion (meaning, of course, legal discretion), and to be exercised only in those exceptional cases where special exigencies required immediate action. After declaring the existence of this power, the opinion proceeds as follows:

"It remains, however, to be considered whether the refusal of that court to issue the writ and to take the accused from the custody of the state officer can be sustained upon any other ground than the one upon which it proceeded. If it can be, the judgment will not be reversed because an insufficient reason may have been assigned for the dismissal of the petitions. Undoubtedly the writ should be forthwith awarded 'unless it appears from the petition itself that the party is not entitled thereto,' and the case summarily heard and determined, 'as law and justice require.' Such are the express requirements of the statute. If, however, it is apparent, upon the petition, that the writ, if issued, ought not, on principles of law and justice, to result in the immediate discharge of the accused from custody, the court is not bound to award it as soon as the application is made. Ex parte Watkins, 3 Pet. 193, 201; Ex parte Milligan, 4 Wall. 3, 111. What law and justice may require in a particular case is often an embarrassing question to the court, or to the judicial officer before whom the petitioner is brought. It is alleged, in the petitions,—neither one of which, however, is accompanied by a copy of the indictment in the state court, nor any statement giving a reason why such a copy is not obtained,—that the appellant is held in custody under process of a state court in which he stands indicted for an alleged offense against the laws of Virginia. It is stated, in one case, that he gave bail, but was subsequently surrendered by his sureties; but it is not alleged, and it does not appear, in either case, that he is unable to give security for his appearance in the state court, or that a reasonable bail is denied him, or that his trial will be unnecessarily delayed. The question as to the constitutionality of the law

under which he is indicted must necessarily arise at his trial under the indictment, and it is one upon which, as we have seen, it is competent for the state court to pass. Under such circumstances, does the statute imperatively require the circuit court, by writ of habeas corpus, to wrest the petitioner from the custody of the state officers in advance of his trial in the state court? We are of the opinion that, while the circuit court has the power to do so, and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the same territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and, thereupon, 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution. When the petitioner is in custody, by state authority, for an act done or omitted to be done in pursuance of a law of the United States, or of an order, process, or decree of a court, or judge thereof, or where, being a subject or citizen of a foreign state, and domiciled therein, he is in custody, under like authority, for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission or order or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations,—in such and like cases of urgency, involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations, the courts of the United States have frequently interposed by writs of habeas corpus, and discharged prisoners who were held in custody under state authority. So, also, when they are in the custody of a state officer, it may be necessary, by use of the writ, to bring them into a court of the United States to testify as witnesses. The present cases involve no such considerations. Nor do their circumstances, as detailed in the petitions, suggest any reason why the state court of original jurisdiction may not, without interference upon the part of the courts of the United States, pass upon the question which is raised as to the constitutionality of the statutes under which the appellant is indicted. The circuit court was not at liberty, under the circumstances disclosed, to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land, or that it would disregard the settled principles of constitutional law announced by this court, upon which is clearly conferred the power to decide ultimately and finally all cases arising under the constitution and laws of the United States." Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734.

The principle of this decision is that, where, under our system of government and laws, a speedy and efficacious remedy, in the usual and orderly course of criminal procedure, has been provided for the discharge of a prisoner held under a bad indictment, the court will not interfere with and confuse such procedure, by undertaking to grant relief on habeas corpus, in advance of a regular trial or hearing upon demurrer, unless it be shown affirmatively that, because of special circumstances, suitable relief cannot be had through the procedure above indicated. The case (In re Greene, 52 Fed. 104) cited by petitioner does not antagonize, but, on the contrary, in view of the authorities therein cited, is confirmatory of, the above principle. There the petitioner was a citizen and resident of Ohio, and, hav-

ing been arrested upon a warrant of a United States commissioner, was about to be removed to the district of Massachusetts for trial. The right and duty, on habeas corpus, in such case, to inquire into the sufficiency of the indictment, results from the fact of the proposed removal of the petitioner into a foreign domicile for trial. The court says:

"In such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. The liberty of the citizen, and his general right to be tried in a tribunal or forum of his domicile, imposes upon the judge the duty of considering and passing upon those questions. Such has been the uniform practice of the federal courts. In re Buell, 3 Dill. 116, Fed. Cas. No. 2,102; In re Doig, 4 Fed. 193; U. S. v. Brawner, 7 Fed. 86; U. S. v. Rogers, 23 Fed. 658; U. S. v. Fowkes, 49 Fed. 50; Horner v. U. S., 143 U. S. 207, 12 Sup. Ct. 407."

The court also cites the case of In re Lancaster, 137 U. S. 393, 11 Sup. Ct. 117, and this case supports the principle of the case of Ex parte Royall, supra. The syllabus of the Lancaster Case is as follows:

"Where persons indicted in the circuit court, and in custody, have not invoked the action of the circuit court by a motion to quash the indictment or otherwise, the court will deny leave to file here a petition for writ of habeas corpus, asked upon the ground that the matters charged do not constitute any offense under the laws of the United States or cognizable in the circuit court, and that for other reasons the indictment cannot be sustained."

In the present case, it does not appear but that another and a good indictment may be found against the defendant, upon the overt acts charged in the present indictment; and, further, as was said by the supreme court in the case of Ex parte Royall, supra, it is not alleged that the petitioner "is unable to give security for his appearance, * * * or that reasonable bail is denied, or that his trial will be unnecessarily delayed." Nor do the circumstances detailed in the petition suggest any reason why this court may not, or will not, promptly, in its regular course of procedure, determine the question of the alleged insufficiency of the indictment.

I am clearly of opinion, adopting, again, language employed by the supreme court in the Royall Case, that "it is apparent, upon the petition, that the writ, if issued, ought not, on principles of law and justice, to result in the immediate discharge of the accused from custody," and therefore the writ is denied.