### In re BRADLEY.

(Circuit Court, S. D. California. October 1, 1898.)

1. FEDERAL AND STATE COURTS—HABEAS CORPUS—DISCHARGE OF STATE PRISONER BY FEDERAL COURT.

The power given to the circuit and district courts of the United States by Rev. St. § 753, to discharge from custody on habeas corpus one who is restrained of his liberty in violation of the constitution, although held under state process to answer for a crime against the state, is a discretionary one, and one of great delicacy, which should not be exercised in any case when suitable relief can be had through the regular procedure of the state tribunals.

2. SAME—OFFENSE COMMITTED AT SOLDIERS' HOME.

A person arrested by state authorities charged with the commission of a crime will not be discharged from custody by a federal court on habeas corpus, on the ground that the offense is charged to have been committed within the limits of grounds ceded as a soldiers' home, and over which the United States has exclusive jurisdiction.

This was a petition by Albert G. Bradley for a writ of habeas corpus.

John D. Pope, for petitioner.

WELLBORN, District Judge. Petitioner alleges that he is imprisoned by the sheriff of Los Angeles county, Cal., in the county jail of said county, under a commitment by the justice of the peace of Santa Monica township, in said county, directing said sheriff to hold petitioner for examination on a charge of assault with intent to mur-

der; that said crime is charged to have been committed by the petitioner within the limits of the soldiers' home in said county; that the land, and the buildings thereon, within said limits, are owned by the United States, and occupied and used as a home for disabled volunteer soldiers; that the legislature of the state of California, by virtue of section 34 of the Political Code of said state and other acts, has ceded to the United States exclusive jurisdiction over said land; and that an offense committed within said limits is not an offense against the laws of the state of California, and that the courts of said state have no jurisdiction over offenses committed within said limits.

Unquestionably, the circuit and district courts of the United States may, on habeas corpus, discharge from custody one who is restrained of his liberty in violation of the constitution of the United States, even though he is so restrained under state process to answer for an alleged crime against the state. Rev. St. U. S. § 753. This power, however, in the federal judiciary, "to arrest the arm of the state authorities, and to discharge a person held by them, is one of great delicacy" (Ex parte Thompson, 23 Fed. Cas. p. 1016), and ought not to be exercised in any case where suitable relief can be had through the regular procedure of the state tribunals (Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734; Ex parte Fonda, 117 U. S. 516, 6 Sup. Ct. 848; In re Hacker, 73 Fed. 464). The reasons for the above rule are stated by the supreme court of the United States with such clearness and force in Ex parte Royall, supra, that I quote at length from the opinion in that case, as follows:

"It remains, however, to be considered whether the refusal of that court to issue the writ and to take the accused from the custody of the state officer can be sustained upon any other ground than the one upon which it proceeded. If it can be, the judgment will not be reversed, because an insufficient reason may have been assigned for the dismissal of the petitions. Undoubtedly, the writ should be forthwith awarded, 'unless it appears from the petition itself that the party is not entitled thereto,' and the case summarily heard and determined, 'as law and justice require.' Such are the express requirements of the statute. If, however, it is apparent, upon the petition, that the writ, if issued, ought not, on principles of law and justice, to result in the immediate discharge of the accused from custody, the court is not bound to award it as soon as the application is made. Ex parte Watkins, 3 Pet. 193, 201; Ex parte Milligan, 4 Wall. 3, 111. What law and justice may require in a particular case is often an embarrassing question to the court, or to the judicial officer before whom the petitioner is brought. It is alleged in the petitions—neither one of which, however, is accompanied by a copy of the indictment in the state court, nor any statement giving a reason why such a copy is not obtained—that the appellant is held in custody under process of a state court in which he stands indicted for an alleged offense against the laws of Virginia. It is stated, in one case, that he gave bail, but was subsequently surrendered by his sureties; but it is not alleged, and it does not appear, in either case, that he is unable to give security for his appearance in the state court, or that a reasonable bail is denied him, or that his trial will be unnecessarily delayed. The question as to the constitutionality of the law under which he is indicted must necessarily arise at his trial under the indictment, and it is one upon which, as we have seen, it is competent for the state court to pass. Under such circumstances, does the statute imperatively require the circuit court, by writ of habeas corpus, to wrest the petitioner from the custody of the state officers in advance of his trial in the state court? We are of the opinion that, while the circuit court has the power to do so, and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the national constitution, it is

not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw 'to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the same territorial limits, where the accused claims he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution. When the petitioner is in custody, by state authority, for an act done, or omitted to be done, in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof, or where, being a subject or citizen of a foreign state, and domiciled therein, he is in custody, under like authority, for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission or order or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations, in such and like cases of urgency, involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations, the courts of the United States have frequently interposed by writs of habeas corpus, and discharged prisoners who were held in custody under state authority. So, also, when they are in the custody of a state officer, it may be necessary, by use of the writ, to bring them into a court of the United States to testify as witnesses. The present cases involve no such considerations. Nor do their circumstances, as detailed in the petitions, suggest any reason why the state court of original jurisdiction may not, without interference upon the part of the courts of the United States, pass upon the question which is raised as to the constitutionality of the statutes under which the appellant is indicted. The circuit court was not at liberty, under the circumstances disclosed, to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land, or that it would disregard the settled principles of constitutional law announced by this court, upon which is clearly conferred the power to decide ultimately and finally all cases arising under the constitution and laws of the United States. In Taylor v. Carryl, 20 How. 595, it was said to be a recognized portion of the duty of this court (and, we will add, of all other courts, national and state) 'to give preference to such principles and methods of procedure as shall seem to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system co-extensive with the United States, and submitting to the paramount authority of the same constitution, laws, and federal obligations.'"

In Ex parte Tatem, 1 Hughes, 588, 23 Fed. Cas. p. 708, where the United States district judge for the Eastern district of Virginia discharged, on habeas corpus, a prisoner, who had been arrested and was held by the state authorities on a charge of murder alleged to have been committed in the Gosport navy yard, over which the United States had exclusive jurisdiction, the decision was made many years before that in Ex parte Royall, supra; and besides, in the former case, a prosecution against the prisoner for the same offense had been instituted in the United States courts before his arrest by the state authorities.

Assuming—without, however, deciding—that the allegations of the petition, in the case at bar, show, that the imprisonment of the petitioner is without due process of law, and violative of the federal constitution, they do not, as held in Ex parte Royall, supra, "suggest

any reason why the state court of original jurisdiction may **not**, without interference upon the part of the courts of the United States, pass upon the question which is raised," as to the lack of jurisdiction in the, state government over the land or place in question. The writ will be denied.