## Case No. 13,101.

### SMITH v. RINGGOLD.

[4 Cranch, C. C. 124.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

PERSONAL PROPERTY—FRAUDULENT DEED—POSSESSION—CREDITORS.

If, by the terms and nature of a deed, the possession of the property is to accompany and follow the deed, and it does not, but remains with the grantor, such deed is fraudulent in law, and void as to the creditors of the grantor, although the deed should be acknowledged and recorded, according to the Maryland law of 1729, c. 8, § 5. But such deed is void, only against creditors of the grantor who thus retains the possession inconsistently with the terms and nature of the deed.

Replevin [by Richard Smith against Tench Ringgold] for goods and chattels taken in execution by the defendant, the marshal of the District of Columbia, at the suit of Van Ness v. Gales [unreported], on a judgment rendered May 28, 1828. The execution was delivered to the marshal, and by him levied upon the

property, then in the possession of the said Gales, on the 26th of June, 1829. The plaintiff claimed the goods under a deed of trust from H. T. Weightman and the said Gales, dated June 4, 1829, to the plaintiff. The said H. T. Weightman held under a deed of trust from the said Gales to him, dated July 28, 1828. From the date of this deed until the levying of the execution, the goods remained in the possession of the said Gales. These deeds were both acknowledged and recorded according to the Maryland law of 1729, c. 8, § 5, which is in force in the county of Washington, D. C.

Mr. R. S. Coxe, for defendant, contended, that these deeds were fraudulent in law, and void as to the creditors of Mr. Gales, because the possession did not accompany and follow the deeds.

Mr. Lear, for plaintiff, e contrà, contended, (1) That by the terms and nature of these deeds, the possession was not to accompany them, but was to follow them only in a certain event, so that, at the time of making them, they were not fraudulent in law; and could not afterwards become fraudulent by reason of the trustee's not taking possession of the goods, as he might have done. (2) That the possession by the grantor, even if it were inconsistent with the terms and nature of the deeds, did not make them void as to creditors, because they were duly acknowledged and recorded according to the act of 1729, c. 8, § 5. Hudson v. Warner, 2 Har. & G. 415.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury, at the prayer of the defendant's counsel, "that if they should be satisfied by the evidence, that at the time of the execution and delivery of the said deed of the 4th of June, 1829, from the said H. T. Weightman and the said Joseph Gales, Jr., to the said Richard Smith, the said Joseph Gales, Jr., was in actual possession of the property intended to be transferred and assigned by the said deed, and continued and remained in the actual possession thereof after the execution and delivery of the said deed, until the writ of fieri facias aforesaid was levied upon the same, or upon a part thereof, as aforesaid, then the said deed is, in law, fraudulent and void as to the said John P. Van Ness, the creditor in the same writ mentioned.

Verdict for the defendant, and bill of exceptions.

Mr. Lear, for plaintiff, moved for a new trial, because the court erred in the instruction given to the jury. The first deed from Gales to Weightman did not require that the possession should accompany it; and the deed from Weightman and Gales to Smith, the plaintiff, could not alter the trust. If this second deed is fraudulent and void, still the deed of trust from Gales to Weightman remains valid, and Weightman holds the property in trust for the security of the bank; so that the legal title was out of Gales at the time of the levying of the execution. The

first deed of 28th July, 1828, from Gales to Weightman, was in trust to secure the payment of a bill for $2,000, dated 23d July, 1828, at ninety days; and that if G. & S. "should fail to pay," &c., "when payment shall be required," then "the said H. T. Weightman, his executors," &c., "shall take possession of the said goods," &c., "and sell the same," &c., "and pay," &c. The deed of 4th June, 1829, was by H. T. Weightman of the first part, J. Gales, Jr., of the second part, and R. Smith, cashier, &c., of the third part; and after referring to the deed of the 28th of July, 1828, and stating the desire of Gales & Seaton to retire certain bills, &c., and to obtain a continuance of accommodation for a part thereof by a note for $5,000, dated 2d June, 1829, at sixty days, &c., it says: "Now this indenture witnesseth, that the said H. T. Weightman, in consideration of the premises, and of five dollars to him paid by the said Richard Smith," &c., "at the request, and with the consent and approbation of the said Joseph Gales, Jr., testified by his becoming party hereto," &c., "has bargained and sold," &c., "upon the trusts hereinafter mentioned." "And this indenture further witnesseth, that the said Joseph Gales, Jr., in consideration of the premises and of five dollars to him paid by the said R. Smith, has granted, bargained, and sold to the said R. Smith," &c., "all his, the said J. Gales, Jr.'s goods, chattels," and personal estate, &c., "upon the trusts hereinafter mentioned," that is to say, "in trust to raise forthwith, by a sale of so much of the property hereby conveyed, or intended so to be, as may be necessary, the sum of two thousand dollars, over and above all expenses of said sale, and other expenses of this trust, and apply the same to the payment of the said note;" "and upon this further trust, in case of any default in the payment of the said note, or any other notes which may be, at any time or times hereafter given in lieu, or by way of renewal thereof, or of any part of the amount thereof, to sell the residue of the said property, or so much thereof as may be necessary," &c.

After argument upon the motion for a new trial, THE COURT (THRUSTON, Circuit Judge, absent) was divided in opinion; the new trial, therefore, was not granted, and the plaintiff sued out his writ of error to the supreme court, where it was finally dismissed by consent of the parties.

CRANCH, Chief Judge, delivered the following opinion:

The issue, I suppose, was, whether the property was in Joseph Gales, Jr. at the time of levying the fieri facias of Van Ness against him, under which the defendant justifies the taking; or, perhaps, whether the legal title was then in R. Smith, the plaintiff. The deed to H. T. Weightman was good against all the world; and transferred the legal title, so that it was no longer in Gales. That deed was not fraudulent at common law; because the pos-

session remaining in Gales was consistent with the terms of the deed; and it was not void under the act of 1729, c. 8, § 5, because it was acknowledged and recorded agreeably to the provisions of that act. And if it had not been so acknowledged and recorded, it would have been good between the parties. It could only have been defeated by a creditor of Gales. When Weightman and Gales made the deed to the plaintiff, R. Smith (4th June, 1829), Gales had no legal title in the goods. He had only an equity of redemption. The legal title passed from Weightman to Smith, and the possession of Gales did not make the deed void as to Weightman; it could only be void so far as it attempted to transfer the rights of Gales, to the injury of his creditors. As a deed from Weightman, it could only be avoided by Weightman's creditors. But, even supposing that the instruction of the court was correct, and that the deed from Weightman to Smith was fraudulent as to Van Ness, by reason of the possession of Gales, yet, the legal title, and the equitable title, too, so far as the interests of the Bank of the United States were covered by the deed from Gales to Weightman, were in Weightman, and the goods were not the property of Gales at the time of levying the fieri facias. But I am inclined to think that the instruction of the court was wrong, in directing the jury that the deed was void as between Weightman and Smith. It did not purport to be a joint conveyance from Weightman and Gales; but each severally conveys his own interest. The whole legal estate was in Weightman. Gales could only convey his equity of redemption; and that would have been barred by a sale under the deed of trust from him to Weightman, without any further conveyance from Gales; so that the deed from Gales (of the 4th of June, 1829), was of no use but as evidence of his assent to the transfer of the trust from Weightman to Smith; and such assent was not necessary to bar the rights of his creditors to the property thus conveyed in trust to Weightman, and by him assigned to Smith. Therefore, as the possession of Gales could only avoid his act, and not that of Weightman, I think the court erred in instructing the jury that the whole deed was void. If it had been a deed from Gales alone to Smith, and the possession had remained with Gales, and such possession was inconsistent with the deed, I think the instruction would have been right; because I do not think that the legislature of Maryland, in passing the act of 1729, c. 8, § 5, intended to give validity to any deed which would have been fraudulent as to creditors, either by the common law, or by any previous statute.

For a period of more than one hundred years before the act of 1729, the law was settled (as appears in the case of Stone v. Grubham, 2 Bulst. 218), that, "if it was an absolute conveyance, and a continuance in possession afterwards, this will be adjudged in law to be fraudulent, for this hath the face of fraud."

And Buller, J., in the case of Edwards v. Harben, 2 Term R. 596, says, "That case has been universally followed by all the cases since." The preamble of the fifth section of the act of 1729, does not intimate an intention of making good any deed which would have been before void; but the statute makes deeds void, unless acknowledged and recorded, which would have been good before, to wit, deeds where the possession, remaining with the vendor, is consistent with the deeds; for it makes absolutely void, as against creditors, all sales, mortgages, and gifts of goods and chattels, whereof the vendor, mortgagor, or donor, shall remain in possession, unless the same be by writing acknowledged and recorded. But the case of Hambleton v. Hayward, 4 Har. & J. 443, decided by the court of appeals in Maryland, in 1819, is said to be conclusive as to the construction and effect of the act of Maryland, 1729, c. 8, § 5. Although we have the highest respect for the decisions of that very learned and respectable court, especially in regard to the construction of the statutes of that state, yet we cannot consider ourselves bound by such decisions made subsequently to the separation of this county from that state. Congress adopted the laws of Maryland as they existed on the 27th of February, 1801. At that time no such construction had been given to that statute by the courts of Maryland. We were, therefore, left to judge for ourselves of its meaning. In the case of Hambleton v. Hayward, the county court, consisting of Earle, C. J., and Worrell, J., was of opinion that the deed was void as to creditors, because the possession remained with the vendor. This opinion was reversed in the court of appeals by Chase, C. J., and Johnson and Dorsey, JJ., against the opinion of Martin, J., so that there were three judges on one side and three on the other. It seems, therefore, to be a point fairly open for decision upon general principles. The opinion of the court of appeals in that case is briefly stated by the chief justice. He says that "at the time when the act of 1729, passed, it was in the power of debtors to make secret conveyances of property and retain the possession; and although such possession presented grounds of suspicion against them, yet, of itself, it was not sufficient to authorize decisions against them as fraudulent." This was true as between the parties themselves; but if Lord Coke was right in the case of Stone v. Grubham, 2 Bulst. 218, and Mr. Justice Buller, in Edwards v. Harben, 2 Term R. 595, 596, it was not true as between the vendee and the creditor of the vendor; and had not been for more than one hundred years before 1729; which the chief justice seems to admit when he says, "The act of 1729, c. 8, was intended that speedy information should be given to every person, of any transfer of personal property when the person, transferring the right, retained the possession; such possession, unless the deed was acknowledged and recorded, of itself, as to creditors and subsequent purchasers, de-

feated the first conveyance." But he proceeds to say, "The execution of the bill of sale, its acknowledgment, and recording, vests in the party the same interest he would have obtained if the possession had accompanied the transfer of the right;" and he concludes, "The court are therefore of opinion, that if the bill of sale, in the bill of exceptions mentioned, was bonâ fide executed, the possession of the property contained in it by the vendor, of itself, under the act of 1729, c. 8, will not render it fraudulent and void."

The conclusion is undoubtedly correct. The retaining of the possession, when the deed is acknowledged and recorded, will not, of itself, render the deed void under the statute; but the question is, does the statute make valid a deed which would be void by the common law? It has no affirmative words to that effect; and there is sufficient ground for the statute to operate upon without giving it that effect. The legislature might have doubted whether absolute bills of sale, unaccompanied by possession, were absolutely void as to creditors, and they knew that conditional bills of sale certainly were not; they therefore made them all void as to creditors, unless acknowledged and recorded; for a conditional bill of sale, where the possession was, by the common law, permitted to remain with the vendor, was as injurious to creditors as an absolute bill. To permit a debtor to make an absolute bill of sale, and yet retain the possession and use of all his property, merely by acknowledging and recording the deed, would be to give him the most certain means of effecting and protecting his fraud. We think, therefore, that it was not the intention of the legislature to give validity to any bill of sale or deed which would otherwise be, in law, fraudulent and void. But, being of opinion that the court erred in instructing the jury that the deed from Weightman and Gales to R. Smith, was entirely void by reason of the possession of Gales, I think a new trial ought to be granted.

MORSELL, Circuit Judge, however, did not agree to grant the plaintiff a new trial; and THRUSTON, Circuit Judge, being absent, and the plaintiff having taken his bill of exceptions to the instruction given to the jury, the motion for a new trial was overruled. A writ of error was taken out, but not prosecuted; and was dismissed at January term, 1832.