## Case No. 2,797.

### In re CLARK.

### [2 Ben. 540.][1]

District Court, S. D. New York. Nov., 1868.

**HABEAS CORPUS — EXAMINATION BEFORE COMMISSIONER — EVIDENCE — INDICTMENT IN ANOTHER DISTRICT.**

1. Where, on writs of habeas corpus and certiorari to a United States commissioner, it appeared that the commissioner had issued a warrant to arrest the petitioner, on a charge of conspiring to defraud the United States, in the eastern district of Michigan, who had been arrested and brought before him, and demanded an examination, and on the examination the evidence consisted of an indictment found against him in the eastern district of Michigan, and proof that on that indictment the district court of that district had issued a warrant for his arrest, the indictment averring that the prisoner, with certain others named, did, at the city of Washington, conspire, combine, confederate, and agree together to defraud the United States, in a manner particularly set forth, and that one of the parties to said conspiracy, named Lee, at Detroit, in the eastern district of Michigan, in pursuance of said conspiracy, did do an act to effect the object of said conspiracy, said act being particularly set forth, and on such proof the commissioner committed the prisoner for trial in the eastern district of Michigan, and thereupon this habeas corpus was issued, and the discharge of the prisoner claimed, on the sole ground that the indictment produced did not aver that an offence against the United States had been committed in the eastern district of Michigan: *Held*, that the question whether the indictment sufficiently averred an offence committed in the eastern district of Michigan should not be prejudged on a proceeding like this.

[Cited in Re Buell, Case No. 2,102; U. S. v. Haskins, Id. 15,322.]

2. That on such a proceeding the indictment must be considered sufficient, unless it be so

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

defective in its material averments that it would be the manifest duty of a court before which it was presented by a grand jury to decline to take action upon it.

[Cited in Re Doig, 4 Fed. 195.]

3. That this indictment was not of that character.

4. Whether, in such a proceeding before a commissioner, such an indictment can be examined, and its sufficiency passed upon—quere.

[Cited in Re Alexander, Case No. 162.]

BENEDICT, District Judge. The prisoner, Beverly Clark, being detained in custody by the marshal of this district, has been brought before me by a writ of habeas corpus and by a writ of certiorari. The proceedings before Commissioner Osborn, which resulted in his committal, are also before me.

By these returns, it appears that in September last, a deputy marshal of the eastern district of Michigan procured a warrant from Commissioner Osborn, in this district, directing the marshal of this district to apprehend and bring the prisoner before him to answer to a charge of conspiring to defraud the United States in the eastern district of Michigan. The prisoner having been arrested on such warrant, was brought before the commissioner, and demanded an examination, which was had. Upon this examination, an indictment found against the prisoner by a grand jury in the eastern district of Michigan was put in evidence, together with proof that it had been filed in the district court of that district, and was still pending undetermined, and that upon it the court had issued to the marshal of that district a warrant directing the arrest of the prisoner. No other evidence was produced to the commissioner, and he thereupon committed the prisoner for trial in the eastern district of Michigan, by virtue of which commitment he is now held by the marshal of this district.

The sufficiency of these proceedings is now called in question, and I am asked to discharge the prisoner because, as it is claimed, the indictment produced before the commissioner does not aver that an offence against the United States has been committed in the eastern district of Michigan.

In disposing of the single issue which has been thus made, I notice at the outset that the question here is not whether proof before a commissioner of the fact that an indictment against the person before him has been found by a grand jury of the United States, in a court of the United States, and that such court has so far acted upon the indictment as to issue its warrant for the arrest of the person to answer to the charge, is not sufficient proof to require the commissioner to commit such person for trial in the district where the indictment was found. Nor is the question here whether the proceedings in the district court of Michigan would not have been sufficient to justify the detention by the marshal of this district, had that court seen fit to issue its bench warrant to that officer directly.

Here the proceeding seems to have been an original proceeding instituted in this district before Commissioner Osborn, in which the indictment itself was put in evidence, as showing sufficient cause for the committal of the prisoner for trial in Michigan.

The questions then are, whether, in such a mode of procedure, the commissioner is at liberty to examine the indictment, and pass upon the sufficiency of its averments, and if so, whether the averments of this indictment are sufficient to warrant the committal of the prisoner for trial in Michigan.

For the purposes of this case, I shall assume —although I do not intend so to decide— that when the method of procedure is such as that adopted in this case, the indictment, which is put in evidence before the commissioner, must be looked into, and accordingly I have examined the present indictment, and I find that it avers that the prisoner, with certain others named, did, at the city of Washington, conspire, combine, confederate, and agree together to defraud the United States, in the manner particularly set forth, and that Andrew T. Lee, one of the parties to said conspiracy, afterwards, at Detroit, in the eastern district of Michigan, in pursuance of and according to said conspiracy, combination, and agreement, had as aforesaid, did do an act to effect the object of said conspiracy, which act is also particularly set forth. It was here intended to set out the offence created by the act of March 2d, 1867 [14 Stat. 484]. which declares, "that if two or more persons either conspire to commit any offence against the laws of the United States, or to defraud the United States in any manner whatever, and one or more of said parties to said conspiracy shall do any act to effect the object thereof, the parties to said conspiracy shall be deemed guilty of a misdemeanor;" and were this indictment before me upon demurrer or plea to the jurisdiction, it might not perhaps be difficult to decide whether the averment in question did or did not amount in law to an averment of an offence committed in Michigan. But that question, as it seems to me, should not be prejudged upon a proceeding like the present. Upon such a proceeding, the indictment must be considered sufficient, unless it be so defective in the material averments that it would be the manifest duty of a court before which it was presented by the grand jury to decline to take action upon it. In the present case, the court in Michigan has felt bound to receive this indictment, and to issue a warrant upon it; and, to my mind, the averment in question is not so clearly an averment of an offence committed in Washington, instead of one committed in Michigan, as to justify the commissioner in refusing to commit the prisoner upon it, or to warrant his discharge before me. It raises a question

which properly belongs to the court in which the indictment is pending.

My conclusion, therefore, is, that the prisoner must be remanded to the custody of the marshal.