## Case No. 16,291.

### UNITED STATES v. SIMONS.

[1 Abb. (U. S.) 470; 12 Int. Rev. Rec. 10; 7 Phila. 607; 3 Pittsb. Rep. 261; 18 Pittsb. Leg. J. 60; 27 Leg. Int. 236; 5 Am. Law Rev. 187.] [2]

District Court, W. D. Pennsylvania. June Term, 1870.

#### INTERNAL REVENUE—"PRODUCE BROKER."

One whose occupation is to sell agricultural produce in public market, is not exempted from the tax imposed by the internal revenue law of 1866 [14 Stat. 98], upon "produce brokers," by the fact that the produce sold is not purchased by him for sale, nor sold as agent for another, but is raised by himself upon his farm.

Trial of an indictment. The defendant, Charles Simons, was indicted for carrying on business as a produce broker, without paying the special tax required by the internal revenue laws. The evidence upon the trial showed that the defendant owned a piece of land in the vicinity of the city of Williamsport, on which he raised vegetables; and he was accustomed to dispose of these vegetables on the regular market days, in the markets of the city.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission. 5 Am. Law Rev. 187, contains only a partial report.]

H. B. Swope, Dist. Atty., for the government, contended that there were only two ways in which the defendant could dispose of his produce without paying tax—one by selling it at the place of production, and the other by hawking it in the manner of a pedlar; and that when he entered the market place regularly and competed with other dealers who were compelled to pay tax, he made himself equally liable.

Allen & Bartles, for defendant, contended that the defendant had the right to dispose of produce raised by himself, on his own land, without payment of any tax.

McCANDLESS, District Judge. The courts of the United States are tribunals which were created by the constitution to stand between the government and the people. Whilst we see that the laws are enforced, we must take care that the citizen is not oppressed. The decisions of the several departments at Washington are entitled to great respect, but they can not and do not control the judgment of our courts. Otherwise we would not be, as we are designed to be, an independent branch of the government, wholly irresponsible for the soundness of our decrees, to either congress or the executive. In this matter of taxation, which has annoyed the world from the days of the tribute to, and the image and superscription of Cæsar, and which is always a source of discontent, in protecting the people we must preserve the faith of the nation. To re-establish the Union and place it upon a permanent basis, we have contracted a large public debt, the principal and interest of which must be paid to the uttermost farthing. Anything else would be derogatory to our personal integrity, and disgrace us in the face of all nations. Every citizen, therefore, is bound to contribute to the common fund, and his omission or refusal to do so inflicts an injury upon his fellow citizens, and upon the government to which he is indebted for the protection of his life, liberty, and property.

Before announcing the conclusion at which I have arrived, I have thought it proper to make these preliminary observations, because there is a large class of people who think they are or should be exempt from the onerous burden which is laid upon us all.

Simons is indicted for carrying on the business of a produce broker without having paid the special tax. Nothing criminal, in the ordinary sense of the term, is attributed to him. The proceeding against him is designed as a test case to ascertain whether, in the exercise of his occupation as a market gardener, he is liable to its payment.

We think he is. The evidence shows that he is the owner of forty acres of ground on Lycoming creek, in the vicinity of this city, which he cultivates in raising vegetables; that, except in December and January, he attends the market of Williamsport with his horses and wagon, backs up at the curbstone at different points on Market and Third streets, erects a temporary stand at the tail of his wagon, and there, twice a week, on the days fixed by an ordinance of the city as market days, sells the products of his garden.

It has been contended, with much ability, that he does not come within the category of produce broker. At one time in the consideration of this case I was inclined to concur with the learned counsel for the defense, and designed to request a further argument from the able district-attorney, but am now clear that the defense is not tenable.

If the question depended upon the common acceptation of the word "broker," the argument for the defendant would be sound, for a broker is a middle man, an intervenor between the buyer and seller, a factor or agent who contracts for the one or the other. We have exchange brokers, stock brokers, pawnbrokers, and insurance brokers, who negotiate between vendor and vendee; and as Simons sells his own products, he could not very well be called a broker. But congress has not left it to the courts to define what the word "broker" means. They have given us a legislative definition by which we are bound.

In section 79 of the act of 1866, they say that a "produce broker" is a person "whose occupation it is to buy or sell agricultural or farm products." If he buys or sells, whether he does it for himself or for another, he is to be "regarded," in the language of the act, as a "produce broker." Congress might have used a better term, but all refinement upon the words is at an end in the face of this definition. It was doubtless the design to exempt, as far as practicable, the agricultural portion of the community from burdensome taxation; but as almost every person and everything is necessarily subject to taxation, there was no good reason why the producer, who brings his articles to market and comes in competition with merchants, or those who only buy and sell, should be so highly favored. If he sells from his farm or his garden he pays nothing, but if he acts in the capacity of a merchant or dealer, he must pay a tax upon that occupation. That is but just to his fellow tax-payers, and he ought not to complain of the government which exacts it.

But there is still another reason why I consider this the true construction of the statute. Farmers and gardeners are exempt from taxation as pedlars; that is, they may go from house to house in town or country and sell their produce without paying a special tax. They are also exempt as "manufacturers or producers." Here the maxim "expressio unius est exclusio alterius" ap-

plies. If congress intended that they should not be included in the class of produce brokers they would have said so. If they pursue any other occupation than that of tilling the soil, and selling directly from their farms or gardens, they incur the liability of the additional employment, and I think properly so.

All this is a case of the first impression, no published opinion of my brethren of the bench having yet appeared; as it involves large interests to both the government and the people, I have given to it careful consideration, and the more I reflect upon it the better I am satisfied the decision is right.

Your verdict should be against the defendant.

The jury immediately returned a verdict of "guilty in manner and form, &c. &c.," whereupon the defendant was sentenced to pay a fine of ten dollars, the special tax for two years, twenty dollars, and the costs.