## UNITED STATES *v.* WHITE.

*(District Court, N. D. Texas.* November, 1885.)

1. CRIMINAL LAW—APPLICATION FOR REMOVAL OF CASE—REV. ST. § 1014.
    It is the practice of the district court for the Northern district of Texas not to entertain applications for removal until after indictment found, and to require a copy of the indictment to accompany such application.

2. SAME—COUNTERFEITING FOREIGN TREASURY NOTE—OMISSION OF SIGNATURES.
    An indictment charging that defendant, on a day named, "caused to be printed three certain impressions, each in the likeness of a certain part, to-wit, the face, except the signatures, of a genuine treasury note of the denomination of 200 milreis of the empire of Brazil, with intent to defraud said empire, and other parties to the grand jury unknown," charges an offense under the act of congress of May 16, 1884.

3. SAME—WRIT OF REMOVAL—OFFENSE WHERE COMMITTED—RECORD—EVIDENCE.
    Where the indictment charges the defendant as principal of an offense within the jurisdiction of the court for the district where he has been indicted, an objection to the issuing of a writ of removal to such district because defendant was only an accomplice or accessory before the fact, and that whatever he did was done in the district from which it is sought to remove him, is in the nature of a plea in abatement to the jurisdiction of the court, and must be supported by evidence *aliunde* the record to justify a refusal of the writ. Evidence *held* insufficient.

Application for Writ of Removal.

McCORMICK, J.    The defendant was arrested in this district, charged with having, in the Eastern district of Missouri, about the seventeenth of August, 1885, feloniously, and without lawful authority, caused to be printed certain impressions in the likeness of a part, to-wit, the face, except signatures and numbers, of a genuine treasury note of the empire of Brazil.    An examining trial was had before Commissioner Finks, and the commissioner required the defendant to give bail in the sum of $10,000 for his appearance at the United States district court for the Eastern district of Missouri on the first Monday of November, 1885.    The defendant declined to give bond, and was committed to jail to await the action of the district judge in the matter of his removal.    Thereupon the defendant applied to the district judge to have his bail reduced, and to so modify the order as to bind him to appear at the district court for this district to answer the charge against him, urging that all the proof showed that he had not been out of this district, and could not have committed any offense, or the offense charged, in the Eastern district of Missouri.    Upon consideration of all the proof taken before the commissioner I reduced the bail, but declined to modify the order requiring him to appear at the district court for the Eastern district of Missouri.    It is my practice not to entertain applications for removal until after indictment found, and to require a copy of the indictment to accompany such application.    On the fifth day of November, instant, the grand jury of the United States district court for the Eastern district of Missouri presented to that court an indictment charging the defendant, and

one Lucius A. White, a brother of the defendant, with having, in the Eastern district of Missouri, in the United States, about the seventeenth of August, 1885, feloniously, and without lawful authority, caused to be printed three certain impressions, each in the likeness of a certain part, to-wit, the face, except the signatures and numbers, of a genuine treasury note of the denomination of 200 milreis of the empire of Brazil, with intent to defraud said empire, and other parties to the grand jurors unknown. And the district attorney of the Eastern district of Missouri, and the district attorney of this district, now present to me a copy of that indictment, and *capias* issued thereon, both duly certified, and ask me to issue the writ of removal provided for by statute in such cases. Section 1014, Rev. St.

The defendant now opposes the issuance of the writ, because he says that no offense is charged against him by the indictment, and that he should be discharged. He contends that because the impressions are without signatures and numbers, and without the indorsements on the back shown by the genuine treasury notes of the empire of Brazil, that the attempted offense was not completed, and the facts charged do not constitute an offense.

The language of the clause of the sixth section of the act of May 16, 1884, (Sess. Acts 1883–84, p. 23,) bearing upon this case, is: "And every person who prints, photographs, or in any other manner makes, executes, or sells, or causes to be printed, made, executed, or sold, or aids in printing, photographing, making, executing, or selling, any engraving, photograph, print, or impression in the likeness of any genuine note, bond, obligation, or other security, *or any part thereof,* of any foreign government," etc., is guilty of an offense.

My attention has been called to case of *U. S.* v. *Williams,* reported in 14 Fed. Rep. 550, where Judge DYER held it not to be an offense to have in one's possession certain unsigned impressions of a bond of the United States Silver Mining Company, etc., engraved and printed after the similitude of an obligation of the United States. The indictment was sought to be supported by a clause of section 5430 of the Revised Statutes, which does not add the words "or any part thereof" to the enumeration or description of the obligations or securities, the possession of which without authority is made penal. Those words do occur four times in the section, (5430,) but they relate to having possession of the plates without lawful authority, or making or suffering to be made an improper use of them, when lawfully held, or making, or assisting in making, or causing to be made any such plate, or to any one who prints or causes to be printed or otherwise makes any impressions, etc., of the obligations or other security, etc., all of whom are guilty of an offense; and in all of these cases the offense is complete when any part of the impression is made, or any part of the plate is made or used unlawfully. And the case cited does not oppose this construction. I am of the opinion, therefore, that the indictment charges an offense against the defendant.

The defendant says further that the writ of removal should not be issued, because the government's testimony offered before the examining commissioner shows that Lucius A. White was the principal in the commission of the offense, and that this defendant, if involved at all, was only an accomplice or accessory before the fact, and that whatever this defendant did was done in this district, and for his said acts he is answerable here, and only here. The indictment charges the defendant as principal, and charges an offense which, taking the face of the indictment for our guide, is within the jurisdiction of the United States district court for the Eastern district of Missouri, where the indictment was found. This objection is in the nature of a plea in abatement to the jurisdiction of that court, to be supported by proof *aliunde* the record, and it appears to me that great confusion would result were such pleas freely entertained. I am aware that in *Re Buell* the district judge of the Eastern district of Missouri refused to issue the writ of removal, and ordered the discharge of the prisoner, because in that case it appeared on the face of the indictment that the publication of the libel was made in Detroit, Michigan, while the indictment was found in the District of Columbia, and that, on appeal to the circuit court, Judge DILLON affirmed Judge TREAT's ruling in the case. 3 Dill. 120. And there is a note to the report of the case in 3 Dill. to the effect that another indictment having been found in one of the courts for the District of Columbia against Mr. Buell, he was again arrested, and was discharged on *habeas corpus* by Judge TREAT, on the ground that the indictment was found by a grand jury of a court having no jurisdiction of the offense. How this fact was made to appear the note does not show.

It is well understood that want of jurisdiction deprives the record of a court of its force, and that, in the interest of liberty, this can be inquired into anywhere and at all times where a proper case is presented; but there is certain order and comity to be observed in all court proceedings and the authorized action of judges, and the case should present peculiar features of urgency to warrant the judge of one court in interrupting the progress of a case pending in another court by hearing and sustaining a plea which ordinarily should be heard by the judge of the court where the cause was proceeding.

Granting, however, that this is such a case, the proof shows that Lucius A. White is a brother of defendant; that defendant employed Lucius A. to get printed for him, the defendant, what he called cigar labels, in the likeness of the treasury notes of Brazil; that Lucius ascertained where and on what terms he could get the printing done; that he submitted specimens of the work to defendant, and it was approved by defendant, and the impressions ordered; that Lucius' expenses were to be paid by defendant, and he was also to be paid for his time and trouble; that defendant ordered the printing and furnished the money to pay for it; that Lucius was not aware of any unlawful use the defendant intended to make of the labels, and was

ignorant of the fact that it was unlawful to have them printed as ordered; that they (the impressions) were printed in the Eastern district of Missouri. My opinion is that this evidence tends to prove this defendant the principal in the commission of the offense. The writ will be issued.