UNITED STATES *v.* LANTRY and others.

*(Circuit Court, S. D. New York. March 21, 1887.)*

1. CRIMINAL PRACTICE—VENUE—REMOVAL OF PRISONERS—EVIDENCE.
    Where prisoners have been held by the commissioner upon conflicting evidence, both as regards identity and the commission of the offense, for removal to another district for trial, under section 1014, Rev. St., and there is sufficient proof both of identity and criminality, aside from the evidence in behalf of the prisoners, the court should not examine the evidence as an original question, but is required by section 1014 to issue the warrant of removal.

2. BURGLARY—BREAKING INTO POST-OFFICE—REV. ST. U. S. § 5478.
    Section 5478, Rev. St. U. S., requires evidence of forcible breaking into the premises. Persons found attempting a burglary are not entitled to the benefit of any presumption that they had previously secreted themselves within the building, it appearing that all persons had apparently been previously removed from the premises.

*Stephen A. Walker* and *B. B. Foster*, for the United States.
*John H. Kitchen*, for the prisoners.

BROWN, J. The prisoners were arrested in this district on a charge of feloniously breaking into the post-office in Jersey City, and have been held by a commissioner here upon the evidence taken before him under sections 1014 and 5478 of the Revised Statutes, for removal to New Jersey for trial. Counsel in behalf of the prisoners object to this removal, and it is agreed that the matter should be decided as upon *habeas corpus* and *certiorari.*

The rule upon that subject is that the commissioner's conclusions upon the proofs before him cannot be reviewed or set aside upon *habeas corpus* if there was competent evidence of the crime alleged, and also evidence tending to show the probable guilt of the prisoners. *In re Fowler*, 18 Blatchf. 430, 443, 4 Fed. Rep. 303; *In re Day*, 27 Fed. Rep. 678, and cases cited. In this respect there is no difference between extradition proceedings and a removal under section 1014, Rev. St. It is not the commissioner's office to determine finally the question of guilt or innocence, nor would it be proper for the commissioner to refuse to hold the prisoners for trial simply because the accused, as in this case, have produced evidence which, if alone considered, might be sufficient to acquit them. In this case there is doubtless conflicting evidence. It is the province of a jury, upon a proper trial, to determine what evidence to believe and what to reject; and of the commissioner, to determine whether it was reasonably sufficient to hold for trial. Aside from the prisoners' evidence, there was clearly sufficient proof of the identity of the prisoners with the persons seen in the post-office building at the time of the burglary. I have no authority under section 1014 to say that the commissioner was not justified in holding them for trial. The prisoners having been "committed" for trial by the commissioner upon competent proof, it is made "the duty of the district judge" to "issue the warrant of removal."

As respects the forcible breaking into the building, the fact that the prisoners were found in the building after the building had been closed for the night, and after all persons had been apparently removed, is sufficient *prima facie* evidence of a forcible breaking. The prisoners are not entitled to the presumption that they had hidden themselves within the building merely because they had been seen with other persons lawfully in the premises before they were closed for the night. The time of the attempted burglary is not to be taken too rigidly; and, if any of the prisoners were out of New Jersey up to the time of closing at night, they could only have been found afterwards in the building by breaking in. The commissioner discharged one of the persons arrested, and I am not authorized to disturb his conclusions upon the evidence as to the others.

The removal must be ordered.