UNITED STATES v. PRICE.

(District Court, S. D. New York. October 28, 1897.)

REMOVAL OF PRISONER—SECTION 1014—PRELIMINARY COMPLAINT—DIFFERENT OFFENSE.

   In this district, it is not the practice to order the prisoner sent to a distant place for trial under section 1014, Rev. St. U. S., except upon the production to the court at the time the application for removal is made, if not before, of a copy of the indictment, information or complaint, showing that criminal proceedings are pending, and that the prisoner is wanted for trial in the district to which his removal is sought, and for the same offense for which he has been committed by the commissioner. An indictment for stealing silver certificates is for a different offense than for the stealing of coin or United States notes, for which the prisoner was in this case held. After adjournment of the proceedings, upon production of an indictment charging the stealing of United States coin, *held* that the prisoner should be removed; also-*held* that upon a preliminary complaint, charging the stealing of United States notes, the prisoner might be committed and removed for trial for the offense of stealing United States coin, such practice being "agreeably to the usual mode of process against offenders," under section 1014, and Code Cr. Proc. N. Y. § 208.

This was a proceeding to remove the prisoner, John Price, to the District of Columbia, for trial, on the charge of larceny.

Wallace Macfarlane and Max J. Kohler, for the United States.
Abram J. Rose, for defendant.

BROWN, District Judge.    I do not think it is proper, and in this district for a considerable time at least it has not been the practice,

to remove a prisoner for trial under section 1014 to a distant district, except upon the production at the time the application for removal is made, if not before, of a copy of the indictment or information or complaint showing that criminal proceedings are pending and that he is wanted for trial in the district to which his removal is sought, and also that such proceedings are for the same offense on which he has been committed by the commissioner. In the present case the defendant was charged before the commissioner with having feloniously stolen and carried away at Washington, in the District of Columbia, certain "United States notes" and certain coins of the United States. An indictment produced before the commissioner from the District of Columbia, charged the defendant with stealing and carrying away United States "silver certificates," but not the stealing of coin or United States notes. The commissioner has held the prisoner for the stealing of the United States notes and coins. United States notes and United States silver certificates being substantially different, I do not think that an indictment for the latter would be sustained by proof of the former; and the defendant should therefore not be removed to a distant district upon the production of such an indictment only. Upon an adjournment of the proceedings an indictment is produced before me in proper form, charging the felonious stealing and carrying away of United States coin, being the same offense for which the commissioner has held the prisoner. This being the same offense, the prisoner should be removed for trial upon the last-named indictment.

Objection is made that no examination was had before the commissioner upon the last-mentioned charge, for the reason that the original complaint did not contain the averment which the last-named indictment contains, that the city of Washington, where the offense is stated to have been committed, was within the exclusive jurisdiction of the United States. The court, however, must take judicial notice of that fact, and I cannot conceive it to be necessary that such an express averment should be required to be made in a mere preliminary proceeding before a magistrate or United States commissioner for the purpose of binding the prisoner over for trial. Section 1014 of the United States Revised Statutes provides that the proceedings shall be "agreeably to the usual mode of process against offenders" in the state where the preliminary proceedings are held. Under such proceedings in this state, as authorized by the New York Code of Criminal Procedure (section 208), if it "shall appear from the examination that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof," the magistrate is required to indorse on the depositions an order to the following effect:

"It appearing to me by the within depositions and statement, if any, that the crime therein mentioned, or any other crime, according to the fact, stating generally the nature thereof, has been committed, and that there is sufficient cause to believe the within named guilty thereof, I order that he be held to answer the same."

In re Paul, 2 N. Y. Cr. R. 6. And see People v. Wheeler, 73 Cal. 252, 14 Pac. 796. The same precision and formality are not required

in complaints that are required in indictments.    See Bish. New Cr. Proc. § 230 (5); Ex parte D'Olivera, 1 Gall. 474, Fed. Cas. No. 3,967; In re Kelly, 46 Fed. 653; Southworth v. U. S., 151 U. S. 184, 14 Sup. Ct. 274.

The new indictment produced before me is not treated as any evidence of the commission of the offense; but only as showing the pendency of criminal proceedings under which he may be brought to trial for the offense on which he stands committed, and this is sufficient under the last clause of section 1014 to require the district judge to sign the warrant of removal.