In re PRICE.

(Circuit Court, S. D. New York. November 23, 1897.)

1. CRIMINAL LAW—REMOVAL OF OFFENDERS—NECESSITY OF EXAMINATION.
    A person arrested in any state on a bench warrant issued by the supreme court of the District of Columbia, on an indictment there found, can only be removed to that District for trial by proceedings under Rev. St. § 1014, which require an examination in accordance with the practice of the state where the arrest is made.

2. SAME—SUFFICIENCY OF SHOWING.
    A complaint charging theft, under Rev. St. § 5356, committed in the District of Columbia, testimony tending to prove such theft, and an indictment showing that the prisoner is wanted in that District, constitute a sufficient showing to warrant his removal there to answer the charge.

Application by John Price for a Writ of Habeas Corpus.

J. Laflin Kellogg, for the motion.

Max J. Kohler, Asst. U. S. Atty., opposed.

LACOMBE, Circuit Judge. The return of the marshal shows that he holds two original bench warrants against defendant, issued out of the supreme court of the District of Columbia on indictments, and also a warrant of removal, signed by the United States district judge in this district, directing his removal to the District of Columbia; the warrant of removal having been issued under section 1014 of the United States Revised Statutes. It will not be necessary to enter into any discussion of the proposition advanced by the district attorney,

that bench warrants of the supreme court of the District of Columbia run into every district of the United States, and that, under them, individuals may be seized and transported to Washington without any examination, either as to identity or probable cause, conducted by some proper judicial officer in the district where they may be seized, in accordance with the provisions of section 1014. The method would, no doubt, be "expeditious, logical, and certain." It would also be intolerably oppressive, and, in the absence either of express legislation or controlling authority, this court is not prepared to assent to the proposition here advanced. In so doing, it concurs with the views expressed by the district court in Re Dana, 68 Fed. 893. The warrant of removal, however, seems to have been properly issued in conformity with the provisions of section 1014. A complaint, sworn to on information and belief, was presented to the United States commissioner, who issued thereon a warrant for the arrest of Price. This complaint averred that on March 31, 1897, he did, in the city of Washington, District of Columbia, "unlawfully and feloniously steal, take, and carry away 1,330 U. S. notes of the denominations and values of five dollars each, 317 United States notes of the denomination and value of one dollar each, 105 United States silver coins of the denomination and value of twenty-five cents each, 23 U. S. silver coins of the denomination and value of ten cents each, and 17 U. S. nickel coins of the denomination and value of five cents each, all lawful money of the United States, of the goods, chattels, and money of one Arthur O. Babendrier." Price was arrested, and demanded a hearing, and the commissioner proceeded to take testimony both as to identity and probable cause. Babendrier and three other witnesses were examined, and the commissioner found that there was probable cause, and committed Price to the custody of the marshal until the warrant for his removal should be issued by the district judge. The testimony is not strong, but it does tend to show the commission of the offense charged; and, under well-settled rules, the finding of the commissioner as to probable cause should not be disturbed. It is contended that the district judge overruled this finding, but the record does not bear out the contention. There seems to have been a curious failure of the indictments found in Washington to properly charge the offense. The first indictment charged larceny of silver certificates only, and a second indictment presents the same defect. The third indictment, however, charges a taking and carrying away of 105 silver quarters, 23 silver dimes, and 17 nickel five-cent pieces, with intent to steal and purloin, under section 5356, Rev. St. U. S. We have, then, a complaint charging the theft of some coins and several hundred dollars more, evidence tending to show such theft, and an indictment showing that the prisoner is "wanted" in Washington to stand trial for stealing the coins. Inasmuch as the statute (section 5356) makes no distinction between grand and petit larceny, the offense charged in the indictment is the same offense as was charged in the complaint upon which prisoner demanded a hearing, and as to which the commissioner has found probable cause. The district judge treated the indictment merely as proof that the prisoner was wanted

for the offense charged in the complaint, and, probable cause being established otherwise than by the indictment, properly directed removal. A number of wholly unnecessary amendments seem to have been moved for before the commissioner, but their granting or denial in no way changes the situation. I further concur with the district judge in holding that the original complaint sufficiently charged an offense under section 5356. It averred that the offense was committed in the District of Columbia, and all federal courts take judicial notice that said District is within the exclusive jurisdiction of the United States. The writ is therefore discharged. Whether the prisoner will be remanded to the custody from which he was taken, or be detained in custody by this court pending appeal, will be determined when it appears whether or not an appeal is contemplated.