UNITED STATES v. CONNERS.

(District Court, D. Oregon. November 7, 1901.)

1. COUNTERFEITING—SIMILITUDE—WORTHLESS BANK BILLS.

Bills issued by a bank for circulation are not obligations or securities "engraved and printed after the similitude of an obligation and security issued under the authority of the United States," within the meaning of Rev. St. § 5430, since they do not purport to be obligations or securities of the United States, and an indictment for a violation of said section does not charge an offense where it shows that the instruments referred to are such bank bills.

2. CRIMINAL LAW — REMOVAL OF PRISONER TO ANOTHER DISTRICT FOR TRIAL.

A federal court will not order a person removed to another district for trial on an indictment which does not charge facts constituting an offense, although the prisoner does not resist the removal, or even if he consents thereto.

On Application for Order of Removal.

John H. Hall, U. S. Atty.

Charles J. Schnabel, for defendant.

BELLINGER, District Judge. This is an application by the United States for an order for the removal of Harry Conners, alias Harry Conway, to the Northern district of California, on an indictment charging the defendant with feloniously having in his possession, without authority of the secretary of the treasury or other proper officer of the United States, two obligations and securities, each of which was engraved and printed after the similitude of an obligation and security issued under the authority of the United States, and which were as follows: One obligation and security purporting to be an obligation and security issued by the State Bank at New Brunswick, in the state of New Jersey, of the denomination of $2, and payable to bearer on demand; and one obligation and security purporting to be an obligation and security issued by the State Bank of New Brunswick, in the state of New Jersey, of the denomination of $5, and payable to bearer on demand. It is further charged that the defendant well knew said obligations not to be lawful and genuine, and that he intended to sell or otherwise use the same to defraud some person or persons to the grand jury unknown. A second and third count in the indictment charges the defendant with having sold to a Mrs. Burdick and to a Mrs. Wassman notes of said State Bank of New Brunswick, in the state of New Jersey, for the purpose of defrauding such purchasers. The question as to whether these facts constitute a crime under the laws of the United States was recently considered by me upon a presentment made by the grand jury in the case of F. W. Burk. My conclusion was that these facts do not constitute a crime against the United States, and I so instructed the grand jury. The question is free from doubt. The bills described in this indictment are not in the similitude of any obligation issued by the United States, and the statement in the indictment that they are so does not countervail the facts alleged, which show the contrary. These bills are described as notes and obligations

issued by the State Bank of New Brunswick, in the state of New Jersey. They do not purport on their face to be obligations of the United States, but something altogether different.

The petition for removal is not resisted by the defendant, and the suggestion was made in the application that the order prayed for in the petition was agreeable to his wishes. But this can make no difference. There can be no order of removal upon consent of the party whose removal is sought, where the facts charged in the indictment do not constitute a crime.

The petition is denied.