## UNITED STATES v. YARBOROUGH.

(District Court, W. D. Virginia. April 7, 1903.)

1. OFFENDERS AGAINST UNITED STATES—REMOVAL TO DISTRICT OF TRIAL—ISSUE OF WARRANT.

Under Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], authorizing a warrant of removal only where an offender has been committed in a district other than that where the offense is to be tried, a warrant for removal may not be issued before commitment of accused.

2. SAME—ARREST.

A person found in one district, wanted for trial in another district for an offense against the United States, should, on a warrant issued in the district where he is found, be arrested (1) where an indictment has been found against him in the other district; (2) where on examining trial he has been held over by the committing magistrate in the other district to stand trial; (3) where a bench warrant has been issued for his arrest by a federal court of another district; (4) where a verified complaint of an offense committed by him in another district has been made before a judge or committing magistrate in such other district; and (5) where such verified complaint is made before such officer in the district where accused is found.

¶ 1. See Criminal Law, vol. 14, Cent. Dig. §§ 509, 510.

**8. Same—Application for Warrant of Arrest.**

It is preferable that application for warrant of arrest of one for removal to another district for trial should be made to the nearest United States commissioner.

**4. Same—Issue of Warrant of Arrest—Probable Cause.**

The probable cause for issue of a warrant of arrest of one for removal to another district for trial is supplied by an indictment, or by a bench warrant, or by a verified complaint made before a committing magistrate of another jurisdiction, or by a record showing that such other magistrate had held accused over to stand trial.

**5. Same—Preliminary Hearing.**

Though numerous officers are given authority by Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], to hold the preliminary hearing of one arrested for removal to another district for trial, it is preferable that he should be taken before the nearest United States commissioner, who should first be reasonably satisfied as to the identity of accused, and should then fix his bail, or if he is charged with a nonbailable offense, or cannot or refuses to give bail, should commit him to await the action of the judge of the district as to awarding a warrant of removal.

**6. Same—Probable Cause.**

A commissioner on the preliminary examination of one arrested for removal to another district for trial may not require evidence of probable cause of guilt, where accused had been previously indicted in the district in which he is wanted, or has had a previous preliminary examination there or in the district from which he has fled, or a bench warrant without an indictment has issued for him; but, where there has been merely a complaint made against him before a committing magistrate, he, on offering evidence creating a substantial doubt as to the existence of probable cause to believe him guilty, is entitled to have the government required to furnish further evidence.

**7. Same—Sufficiency of Indictment or Complaint.**

The commissioner holding the preliminary hearing of one arrested for removal to another district for trial should consider whether the indictment or complaint, in substance, alleges an offense against the United States, resolving doubts in favor of the government, but should leave to the judges of the district questions as to the jurisdiction of the tribunal to which removal is sought.

**8. Same—Notice of Application for Warrant of Removal.**

One arrested for removal to another district for trial should be given seasonable notice of the time and place when application will be made for the warrant of removal, and apprised of his right to be present before the judge and to resist the application, and with the papers laid before the judge should be a return by the marshal showing when and how the notice was given.

**9. Same—Return by Commissioner.**

The commissioner holding the preliminary examination of one arrested for removal to another district for trial should transmit to the judge hearing the application for warrant of removal a statement of the proceedings had before him certifying the fact, if it is a fact, that accused admitted his identity, otherwise giving in narrative form the evidence on that subject, certified with the rest of the record, which should include all evidence heard, all papers considered, and a statement of the decision of the commissioner.

McDOWELL, District Judge. On October 31, 1900, an indictment was returned in the United States District Court for the Eastern District of North Carolina, charging one J. L. Yarborough with certain violations of federal revenue statutes. On December 8, 1902, a bench warrant, addressed to the marshal of the Western District of Virginia, was issued by the aforesaid court. A certified copy of the indictment and the said warrant were sent to the marshal of this dis-

trict. It is supposed the accused may be found here. The marshal has requested the issue now of a combined bench warrant and order of removal. His letter to the district attorney of this district reads in part:

"Dear Sir: Heretofore when a certified copy of a capias and indictment has been received at this office for the arrest of a criminal indicted in another district, it has been the practice to send the indictment and capias to the deputy in the county where the defendant was supposed to be, and the deputy would then go before his commissioner who issued a warrant for the arrest of the defendant based upon the certified copy of the indictment. When the defendant was arrested, if unable to give bond for his appearance in the district where the offense was committed, he was lodged in jail and this office notified. An order of removal was then prepared, sent to the judge for his signature, and forwarded by the judge to the clerk of the court to be attested, and returned by the clerk to the marshal to be docketed, who then mailed the order of removal to the deputy for the transportation of the defendant to the district where he was to be tried. This is a very long and roundabout way, and causes unnecessary delay in transporting a defendant to another district. I find that in other districts they have the judge issue a combined bench warrant and order of removal immediately upon receipt of a certified copy of indictment. Upon such a writ a deputy can make an arrest and immediately transport a defendant without the necessity of appearing before a commissioner to have a warrant issued. If the defendant can give a bond, of course, he takes him before the commissioner for that purpose; but, if not, he can take his prisoner at once to the district where he is wanted, and there is no necessity to place him in jail awaiting an order of removal. I inclose you a combined bench warrant and order of removal as is issued in West Virginia for your inspection."

The course suggested by the marshal is expeditious and economical, but I have no hesitation in declining to issue a warrant for removal in advance of the commitment of the accused. Aside from the fact that the great weight of authority is against such a course, there are many reasons for holding it an unwarranted practice. None of these need be now mentioned, other than the fact that section 1014, Rev. St. [U. S. Comp. St. 1901, p. 716], does not authorize a warrant for removal except where an offender (or witness) has been committed in a district other than that where the offense is to be tried.

Inasmuch as the practice as to such removals does not appear to be well settled in all respects, I am led to state my views of some of the questions which frequently arise for the benefit of the officers of the court in this district.

### The Arrest.

Where a person found in this district is wanted for trial for an offense in another district, he may, and should, be arrested here upon a proper warrant, in the following cases: (1) Where an indictment has been found against him in such other district; (2) where on examining trial he has been held over by the committing magistrate in such other district to stand trial; (3) where a bench warrant has been issued for his arrest by a federal court of some other district; (4) where a verified complaint of an offense committed by such person in some other district has been made before a judge or committing magistrate in such other district; and (5) where such verified complaint is made before such officer in this district. Whether or not the marshal of this district can lawfully make an arrest on a warrant issued

in another district has for many years been a disputed question, and is now unsettled, so far as I am advised. 2 Opp. Attys. Gen. 564; 11 Id. 127; In re Alexander, Fed. Cas. No. 162; U. S. v. Haskins, Fed. Cas. No. 15,322; Conklin's Treatise, pp. 620, 643; U. S. v. Pope, Fed. Cas. No. 16,069; In re Graves (D. C.) 29 Fed. 60.

At present it is not necessary that I should express an opinion on this point further than to say that it is a safer and better practice to have a warrant of arrest, issued by proper authority (judge, United States commissioner, or other magistrate enumerated in section 1014, Rev. St. [U. S. Comp. St. 1901, p. 716]), in this district, before undertaking to arrest the accused.

It is preferable that application for the warrant of arrest be made to the nearest United States commissioner. The fourth amendment to the federal constitution forbids the issue of a warrant of arrest "but upon probable cause, supported by oath or affirmation." It has been held that a warrant may be issued by a magistrate on an affidavit made before some other magistrate, even out of the jurisdiction. Ex parte Bollman, 4 Cranch, 129, 2 L. Ed. 554; In re Kaine, Fed. Cas. No. 7,598; In re Metzger, Fed. Cas. No. 9,511.

The probable cause for the issue of the warrant of arrest is supplied by an indictment, or by a bench warrant, and may be supplied by a verified complaint made before a committing magistrate of some other jurisdiction, or by a record showing that such magistrate had previously held the accused over to stand trial.

Indictments are seldom made except on the sworn evidence of witnesses, and they are the presentments of the grand jurors made on oath. Hence the production of an indictment or certified copy thereof justifies the issue of the warrant of arrest by the commissioner without any further oath or affirmation. A record showing that the accused had been arrested on verified complaint, and held for trial by a committing magistrate of some other district, equally obviates the necessity for another oath before the commissioner here; as would also an original or authenticated copy of a bench warrant, or of the mere verified complaint made before a foreign commissioner or other committing magistrate.

### Proceedings before the Commissioner.

While there are numerous officers given authority by section 1014 to hold the preliminary hearing of one arrested for removal to another district, it is preferable that, after the arrest, the accused should be taken before the nearest United States commissioner. In all cases the commissioner must first be reasonably satisfied as to the identity of the prisoner; and, if the prisoner denies that he is the person accused of the offense, opportunity should be allowed both sides for a full investigation of this question.

If the identity of the prisoner is not denied, or has been established, the commissioner should then (in a bailable case) fix the amount of bail to be taken for the appearance of the accused before the court or magistrate before whom he is to be tried. If the accused is charged with a nonbailable offense, or cannot give bail, or refuses to give it, the commissioner should commit him to await the action

of the District Judge of this district (or possibly of any federal judge having jurisdiction in this district) as to awarding a warrant of removal.

## Probable Cause.

The decided cases exhibit much diversity of opinion as to the powers and duties of commissioners, when holding these preliminary examinations, other than as to deciding the question of identity and as to taking bail. Much of this confusion might perhaps have been obviated by classifying the cases which may come before the commissioners. The right of the commissioner to require evidence of probable cause of guilt, for instance, would seem to depend on the character of the case before him.

(a) Previous Indictment. If the accused had been previously indicted in the district in which he is wanted, it seems to me that it would be supra dignitate for a commissioner (or it might be a justice of the peace) to examine anew the grounds on which a grand jury returned the indictment. Usually the accused has had an examining trial and been held over before his case is laid before a grand jury. And the indictment is a complaint, nearly always founded on the testimony of witnesses, made on the oaths of the grand jurors.

(b) Previous Preliminary Trial. If the papers laid before the commissioner here show that the accused has had, in the district from which he fled or in which he is wanted, a preliminary hearing, and had been held over, I do not perceive any right on his part to demand another preliminary trial on the question of probable cause to believe him guilty. The former trial was of this question, and the commissioner who held that trial was convinced that there was probable cause.

(c) Bench Warrant without Indictment. Where affidavits have been laid before a federal judge charging one with criminal contempt of court, for instance, it is not unusual that an attachment or a bench warrant issues. If the accused has fled to some other district, it is a not uncommon practice that copies of the affidavits and bench warrant are certified and sent to the district where the accused is supposed to be. Such cases are of rare occurrence, but, if they do occur here, the commissioners are advised not to hear evidence from the accused offered to show innocence of the charge. It may be safely presumed that the judge issuing the bench warrant has examined the question, and decided that there was probable cause to believe the accused guilty, before having the papers certified to another district.

(d) Mere Verified Complaint before Foreign Magistrate. It may be the case that the action against the accused in the district in which he is wanted has gone no further than the making of a complaint against him before a committing magistrate, on which a warrant of arrest may or may not have been issued. In this case I am inclined to the opinion that the accused is entitled to have the commissioner in this district hear evidence of probable cause of believing him guilty before he is required to give bail to appear before the trial court or is committed awaiting the issue of a warrant of removal. But the verified complaint is prima facie true, and further evidence from the

government should not be required unless evidence offered by or in behalf of the prisoner has created a substantial doubt as to the existence of probable cause to believe him guilty.

### Sufficiency of Indictment or Complaint.

The commissioners in this district should consider whether or not the indictment or complaint, in substance, not necessarily with any technical accuracy, alleges an offense against the United States. All doubts on this subject should be resolved in favor of the government, especially as these questions can be readily again raised before a judge of this district, either on the application for warrant of removal or by habeas corpus proceedings. Questions as to the jurisdiction of the tribunal to which the removal is sought are usually so technical that the commissioners here are advised not to consider them. They can be solved by the judges of this district in those cases where it is proper not to leave the question to the decision of the court to which the removal is sought.

### Notice of Application for Warrant of Removal.

In the great majority of contested cases the accused seems to have had notice of the time when the application would be made to the District Judge for the issue of the warrant of removal. In Beshears Case (D. C.) 79 Fed. 70, the warrant was refused because such notice had not been given the prisoner. It is manifestly proper that the accused should have reasonable notice of the time and place when and where the application will be made, so that he may have opportunity to employ counsel and to contest the removal, if he so desires.

The commissioners should in all cases apprise the accused of his right to be present before the judge and to resist the application for warrant of removal. Notice of the time and place of the application for such warrant should be given the accused, and with the papers laid before the judge should be a return by the marshal showing when and how such notice was given. If the accused so desires, he should be brought before the judge, in order that he may personally take part in resisting the application for warrant of removal.

Commissioners should in all cases transmit to the judge a statement of the proceedings had before them. If the prisoner admits his identity, this fact should be certified to the judge. If he denies that he is the person wanted, the evidence heard by the commissioners should be reduced to narrative form, and certified with the rest of the record. The record certified by the commissioner should include all evidence heard, all papers considered, and a statement of the decision reached by the commissioner.

The following authorities bear on the questions above discussed, or on the powers and duties of the judge, on application for warrant of removal: In re Alexander, Fed. Cas. No. 162, 1 Low. 530; In re Bailey, Fed. Cas. No. 730, 1 Woolw. 422; In re Buell, Fed. Cas. No. 2,102, 3 Dill. 116, 21 Int. Rev. Rec. 116; In re Clark, Fed. Cas. No. 2,797, 2 Ben. 540; In re Dana, Fed. Cas. No. 3,554, 7 Ben. 1; United States v. Harris, Fed. Cas. No. 15,313; United States v. Haskins, Fed. Cas. No. 15,322, 3 Sawy. 262; United States v. Jacobi, Fed. Cas.

No. 15,460, 1 Flip. 108, 14 Int. Rev. Rec. 45, 6 Am. Law. Rev. 183; United States v. Newcomer, Fed. Cas. No. 15,869; United States v. Pope, Fed. Cas. No. 16,069, 24 Int. Rev. Rec. 29; United States v. Shepard, Fed. Cas. No. 16,273, 1 Abb. (U. S.) 431, 12 Int. Rev. Rec. 10; In re Doig (C. C.) 4 Fed. 193; United States v. Brawner (D. C.) 7 Fed. 86; In re Ellerbe (C. C.) 13 Fed. 530; United States v. Rogers (D. C.) 23 Fed. 658; United States v. White (D. C.) 25 Fed. 716; In re Wolf (D. C.) 27 Fed. 606; In re Graves (D. C.) 29 Fed. 68; United States v. Lantry (C. C.) 30 Fed. 232; In re Burkhardt (D. C.) 33 Fed. 25; United States v. Horner (D. C.) 44 Fed. 677; United States v. Fowkes (D. C.) 49 Fed. 50; In re Corning (D. C.) 51 Fed. 205; In re Terrell (C. C.) 51 Fed. 213; In re Greene (C. C.) 52 Fed. 104; In re Huntington (D. C.) 68 Fed. 881; United States v. Dana (D. C.) 68 Fed. 886; In re Beshears (D. C.) 79 Fed. 70; In re Price (C. C.) 83 Fed. 830; United States v. Lee (D. C.) 84 Fed. 626; United States v. Price (D. C.) 84 Fed. 636; United States v. Karlin (D. C.) 85 Fed. 963; Price v. McCarty, 32 C. C. A. 162, 89 Fed. 84; In re Wood (D. C.) 95 Fed. 288; In re Belknap (D. C.) 96 Fed. 614; In re Richter (D. C.) 100 Fed. 295; United States v. Greene (D. C.) 100 Fed. 941; United States v. Greene (D. C.) 108 Fed. 816; Greene v. Henkel, 183 U. S. 249, 22 Sup. Ct. 218, 46 L. Ed. 177; United States v. Conners (D. C.) 111 Fed. 734; Horner v. U. S., 143 U. S. 207, 12 Sup. Ct. 407, 36 L. Ed. 126; Pearce v. Texas, 155 U. S. 311, 15 Sup. Ct. 116, 39 L. Ed. 164; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250.